## CHICAGO, R. I. & P. RY. CO. v. SHAHAN.

No. 11001—Opinion Filed Jan. 27, 1925.

Rehearing Denied March 31, 1925.

**1. Carriers—Liability as Affected by Receivership—Loss of Passenger's Hand Grip.**

Where a passenger on a railroad train sets his hand grip at the end of his seat in the aisle and was compelled by the conductor of the train to permit the porter to take the hand grip to the front end of the train, and same was lost and never recovered, and the road at that time was being operated by a receiver, but pending negotiations of settlement for the loss of the hand grip, the receiver was discharged and the property turned back to the railroad company, who received it under an obligation in the decree to defend and become responsible for all suits pending, the party losing the grip did not lose his right of action by reason of a change from the receiver to the railroad company, and said railroad company is liable for the damages sustained on account of loss of said grip.

**2. Railroads—Receivers — Expenditures — Liability for Judgment.**

Where the receiver of a railroad company uses the net earnings of the road after payment of operating expenses in the purchase of equipment for the road, and such investment is in excess of a judgment recovered against said road after the receivership was terminated, the railroad company is liable for said judgment.

**3. Same—Effect of Order Discharging Receiver.**

When the receiver has been discharged by the court appointing him, and the property returned to defendant, the jurisdiction of the court is ended; and an order, in such decree, that the property shall be relieved from any liability on claims not established by intervention in the suit in which receiver was appointed does not affect defendant's lability for injuries to plaintiff arising from the receiver's negligence, where it has received in improvements earnings out of which plaintiff was entitled to have such damages paid, though his claim is not established by such intervention.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Jefferson County; E. L. Dillard, Judge.

Action by A. E. Shahan against the Chicago, Rock Island & Pacific Railway Company, a corporation, to recover damages for the loss of a traveling bag and contents. There was judgment for the plaintiff, and defendant appeals. Affirmed.

Roy St. Lewis, C. O. Blake, and W. R. Bleakmore, for plaintiff in error.

J. H. Harper, for defendant in error.

Opinion by MAXEY, C. The material facts necessary to a decision of this case are follows: The plaintiff, A. E. Shahan, was a passenger on one of the defendant's trains on the 13th day of September, 1916. He was carrying a hand grip and took a seat in said train, which was very much crowded, and he set his hand bag on the floor in the aisle at the end of his seat. A porter came along and started to take the grip away, but Shahan called him back and made him set the grip down. The conductor soon came along taking up tickets and asked if the grip belonged to Shahan. He informed him that it did, and the conductor said: "You will have to take it out of the aisle," and Shahan replied: "Where will I take it?" and the conductor said: "The porter will take it up to the front end of the car." Shahan replied: "All right, if the railroad is responsible for it, he can take it up there."

He assured him that the railroad was responsible, and the grip was taken by the porter presumably to the front end of the car. Shahan had to change cars at El Reno, and he went up to the front end of the car to get his grip, but could not find it. He went out on the platform and the porter was helping passengers off the train, and he asked about his grip and the porter told him it was in the end of the car. He went back and looked through the car and looked through the other coaches, but could not find it anywhere, and returned and told the porter he could not find it, and the porter told him he would have to see the conductor about it. He looked up the conductor and the conductor told him he would have to see the porter about it, and he went back again and made a look for his grip, but could not find it, and never found it, and afterwards brought this suit to recover the value of the grip and the contents. At the time said grip was lost, the defendant railroad company was being operated by J. M. Dickerson, receiver, under appointment made April 21, 1915. Dickerson was discharged as receiver on July 27, 1917, and this suit was filed on October 26, 1917. It is contended by the railway company, plaintiff in error, that the railway company is not responsible for the acts of a former receiver, and that is the crucial point in this case. In the decree discharging the receiver, section 7 has a recital to the effect that the railway company and a joint reorganization committee had made a written offer by which the railway company and the committee were to make provision for all indebtedness of the defendant railway company and of said receiver matured or to mature in the future, etc. Paragraph 11 of said decree provides that all persons having claims against the railway company or its receiver are authorized and directed to present and file same with the special master not later than July 14, 1917, and directed that the special master should give proper notice of the place and time within which such claims might be filed, and directing what newspaper said publication should be made in, among which was a newspaper in Oklahoma City where this notice was to be given. There is nothing in the record to show whether this notice was given. Paragraph 13 of the decree provides that said railway company shall take over and assume the defense of all actions and suits at law or in equity against the defendant railway company and the receiver, or in which any of them is a party defendant pending at the time of said decree in any court or tribunal; that the property and assets of the defendant railway company are to be liable for the amounts of any judgments eventually obtained in any such actions and suits. The plaintiff, Shahan, did not file a claim with the special master, and the railway company claims that he lost his right to maintain suit for same because he did not file his claim with the special master. We are of opinion that the defendant railway company's position in this respect is untenable. The court could not, if it had attempted to do so, deprive the plaintiff, Shahan, of his right of action. That question was settled by the Supreme Court of Texas in the case of Texas & Pacific Railway company v. Johnson, 13 S. W. 463. This case was appealed to the Supreme Court of the United States, and the judgment of the Texas court was affirmed, 151 U. S. 81. This case has become a leading case on the questions involved herein.

It is contended by counsel for the railway company that the paragraphs of the decree, above referred to, are not broad enough to cover plaintiff's claim and make the railway company liable therefor. We are inclined to think from a careful reading of the decree discharging the receiver that it was the intention to make the decree cover all outstanding claims, but if the decree was not broad enough to cover all outstanding claims, we think the rule laid down in the case of Texas & Pacific Railway Company v. Johnson, supra, entitled the plaintiff to recover from the railway company the damages plaintiff sustained by loss of his baggage. In the Johnson Case, like the case at bar, Johnson's judgment was obtained against the railroad company after the receiver was discharged, and in that case it was admitted on the trial that the receiver, after bearing the running expenses of the road, used the net proceeds derived from the operation of the road in betterments for the railroad, such as rolling stock and other equipments necessary for the successful operation of the railroad. It was contended in that case that because Johnson did not file his claim against the receiver he could not recover against the railroad company after the receiver was discharged, but the Supreme Court of Texas held that inasmuch as the evidence showed that the amount of the net earnings invested in betterments for the road by the receiver was largely in excess of the claim of Johnson, which was $15,000, that the funds of the road invested in betterments was in the nature of a trust fund, and that Johnson was entitled to have his claim satisfied by the railroad company.

In this case, the evidence of the receiver shows that he invested the net earnings of the road after the payment of operating ex-

penses in betterments for the road consisting of rolling stock and other equipments for the road, and while his testimony does not state the specific amount invested on account of him not having the books present, it is fair to presume that the earnings were largely in excess of plaintiff Shahan's claim of $300. The receivership of the defendant, Chicago, Rock Island & Pacific Railway Company, was pending in the United States Court for the Northern District of Illinois, and the United States Court for the Western District of Missouri. Shahan's claim was a comparatively small claim and to have gone to those courts to present his claim would have virtually deprived him of getting anything out of it. Under the rule laid down in the Texas & Pacific Railway case against Johnson, we do not think he had to file his claim with the special master. In the Johnson Case, the Supreme Court of Texas in the second and third paragraphs of the syllabus laid down the following rule, which we think applies in this case:

"Where the receiver has been discharged by the court appointing him, and the property returned to defendant, the jurisdiction of the court is ended; and an order, in such decree, that the property shall be relieved from any liability on claims not established by intervention in the suit in which receiver was appointed, does not affect defendant's liability for injuries to plaintiff arising from the receiver's negligence, where it has received in improvements earnings out of which plaintiff was entitled to have such damages paid, though his claim is not established by such intervention."

"The court has no power to require in such decree that claims must be established by intervention within a given time, where that period is not long enough to constitute an equitable bar, since such order is an infringement of the power to fix the limitation of actions, which is vested solely in the legislative branch of the government."

We, therefore, conclude that the order discharging the receiver and providing for the payment of outstanding claims is broad enough to cover plaintiff's claim in this action. We are also of the opinion that the plaintiff's action was properly brought in the state court, and that, applying the rule laid down in the Johnson Case, the railroad company having received the benefit of the betterments purchased by the receiver pending the receivership in an amount in excess of plaintiff's claim, is liable to plaintiff for same. On the whole case, we recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.