### ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, a Corporation, Plaintiff in Error,

v.

### Doris T. CHILDERS, Administratrix of the Estate of Wayland Childers, Deceased, Defendant in Error.

No. 35668.

Supreme Court of Oklahoma.

Sept. 11, 1956.

E. G. Nahler, St. Louis, Mo., Satterfield, Franklin & Harmon, Oklahoma City, for plaintiff in error.

B. E. Harkey, Oklahoma City, for defendant in error.

## PER CURIAM.

Wayland Childers, as plaintiff, brought this action in the District Court of Choctaw County against the St. Louis-San Francisco Railway Company, a corporation, to recover damages for personal injuries alleged to have been caused by the negligent acts of employees of the defendant in suddenly moving a railroad car, which plaintiff, as a passenger, was attempting to enter. The petition was filed on May 21, 1947. On plaintiff's death thereafter, the cause was revived in the name of the administratrix of his estate.

The case was tried before the court and a jury, and from the verdict and judgment of the trial court awarding damages in the sum of $925 the defendant railroad company appeals. The parties will be referred to as they appeared in the trial court.

The defendant railroad company urges error under one proposition which may be stated in substance to be that it was, at the time of the injury suffered by plaintiff, being operated by trustees in bankruptcy reorganization proceedings, and under such circumstances an action cannot be maintained against a railroad company for acts of negligence of the employees of trustees in bankruptcy.

Wayland Childers was injured on July 31, 1946. At that time the defendant railroad company was being operated by trustees in bankruptcy under the Federal Bankruptcy Act, Title 11 U.S.C.A. § 205 et seq. Pursuant to petition of the Reorganization managers in the bankruptcy proceedings for the reorganization of the defendant railroad company, the bankruptcy court entered a Consummation Order and Final Decree effective January 1, 1947. Under the decree it was provided as follows:

"8.03. Transfer of Liabilities of Debtor Trustees. From and after the Consummation Date there shall be no liability on the Debtor Trustee for any

obligations incurred by him in his official capacity as Debtor Trustee pursuant to the authority of this Court, but the Reorganized Company shall alone become and be liable for any and all such obligations in the place and stead of the Debtor Trustee and shall indemnify and hold the Debtor Trustee harmless against all such obligations and any failure on the part of the Reorganized Company to satisfy them."

The basic principles of law applicable to the facts of this case were stated in Chicago, R. I. & P. Ry. Co. v. Shahan, 109 Okl. 151, 234 P. 751, following the conclusion of the Texas court in Texas & Pacific Ry. Co. v. Johnson, 76 Tex. 421, 13 S.W. 463, affirmed on appeal to the Supreme Court of the United States, 151 U.S. 81, 14 S.Ct. 250, 38 L.Ed. 81. In the Shahan case, supra, the plaintiff's claim had arisen while the property of the railroad was in the hands of a receiver. By decree entered in the case, wherein the receiver was discharged, provision was made for the assumption by the railroad company of the burden of actions and suits against the company and the receiver, and liability imposed upon the company for any judgments obtained in such actions. It was the court's conclusion that the order discharging the receiver and providing for the payment of outstanding claims was broad enough to cover plaintiff's claim and should be satisfied, although the claim arose during the time all property of the railroad company was in the receiver's charge.

We find nothing in the controlling facts in the cited cases involving receivership and the factual situation of this case wherein the property was in court imposed custody under bankruptcy proceedings for reorganization to suggest any different application of the rules of law enunciated in the cited cases. Once the prior proceedings were ended and the property returned to the railway company, subject to the decree entered, the rights accorded the claimant must be the same in each instance.

The Texas court stated [76 Tex. 421, 13 S.W. 466]: "That a claim for damages caused by injuries inflicted through the negligence of a receiver, while he is operating a railway, is entitled to payment out of current receipts, is well settled." (Citing cases.) "If such earnings be invested in betterments, which, without sale, are returned to the company, with its other property, at the close of receivership, then the company must be held to have received the property charged with the satisfaction of any claim which the receiver ought to have paid out of the earnings. The principle involved in this is illustrated by many cases."

It was contended in the Shahan case, supra, by the defendant railway company that it was not responsible for the acts of the former receiver and the court stated that this was the crucial point in the case. Such was the contention raised in the Johnson case in both the Supreme Court of Texas and the Supreme Court of the United States.

The facts in the case of Mitchell v. Hines, 101 Okl. 38, 223 P. 182, cited by counsel for defendant, are clearly distinguishable from the case on appeal. In that case the liability of the receiver was barred by limitation, and there was no decree fixing the liability of the railway company to be satisfied out of the property returned in the receivership proceedings.

We believe the principles stated in the Shahan and Johnson cases, supra, to be based on sound reasoning and supported by authority. We accordingly apply the principles there stated and find no error in the judgment of the trial court.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY and JACKSON, JJ., concur.

BLACKBIRD, J., dissent.

The Court acknowledges the aid of the supreme court Commissioners in the preparation of this opinion. After a tentative

opinion was written by Commissioner Crawford and approved by commissioners Reed and Nease, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.