## LEWIS v. BANDY.

No. 5420.  Opinion Filed November 10, 1914.

(144 Pac. 624.)

1. APPEAL AND ERROR—Harmless Error—Admission of Evidence —Amendments to Pleading. Error arising from the action of the court in overruling an objection to the introduction of evidence becomes harmless, where the pleading thereby assailed is, during the trial, amended so as to cover the defects urged.

2. ELECTIONS—Contests—Right of Action—Repeal of Statute. Chapter 14, Session Laws 1901, was not repealed by chapter 31, Session Laws 1907-08, and was in force on the date of the institution and trial of this suit, and was sufficient authority for the institution and prosecution of same.

3. SAME—Petition—Right to Amend. Where the original petition

alleges an intent upon the part of defendant to usurp the duties and functions of a particular office, it is not error for the court to permit an amendment to allege that such usurpation had, in fact, occurred.

4.     **APPEAL AND ERROR—Discretionary Ruling—Amendment to Pleading.** Permission to amend a pleading at any stage of the trial rests in the sound discretion of the trial court, and same will not be disturbed, unless a clear abuse of discretion is shown.

5.     **PLEADINGS—Amendment to Petition.** An amendment to a petition by inserting a material allegation as to the eligibility of plaintiff to hold the office sought in the proceedings did not substantially change the claim of plaintiff in such suit, and, in furtherance of justice, was properly allowed.

6.     **CONTINUANCE — Grounds — Surprise—Amendment to Petition.** In the absence of a showing of surprise, occasioned by an amendment to the pleadings, it is not error to deny a continuance. In such cases a continuance should not be granted as a matter of right, but only when substantial justice will be denied by a refusal to grant such continuance.

(Syllabus by the Court.)

*Error from District Court, Kiowa County;*

*Frank Mathews, Judge.*

Action by A. S. Bandy against H. S. Lewis. Judgment for plaintiff and defendant brings error. Affirmed.

*Rummons & Logan,* for plaintiff in error.

*George L. Zink* and *Joseph H. Cline,* for defendant in error.

RIDDLE, J. We will refer to the parties as they were on the docket in the trial court. Plaintiff filed his petition in the district court of Kiowa county on November 20, 1912, alleging in substance: That he was duly nominated on the Socialist ticket for county commissioner in the Third district in said county at the November, 1912, election; that defendant was the Democratic nominee; and that the county election board wrongfully and unlawfully issued a certificate of election to defendant, whereas, in truth and in fact, plaintiff was duly elected to said office and received a majority of votes in said district for said office. He prayed judgment of the court, declaring him to have been duly elected to said

office.   Defendant filed a motion to make said petition more definite
and certain, which was by the court overruled.   He then filed his
answer:   (1) A general denial; and (2) alleging that he received
488 votes in said district for the office of county commissioner, and
that plaintiff received 485 votes for said office.   A general reply
was filed to this answer.   Upon the issues thus made, the cause pro-
ceeded to trial before the court, both parties waiving a jury.   Said
trial resulted in a judgment in favor of plaintiff, from which
judgment defendant prosecutes this appeal.

     The first point presented is that the trial court erred in over-
ruling the objection of defendant to the introduction of any evi-
dence under the petition.   The petition failed to allege plaintiff's
general qualification to hold office, and in this condition the court
committed error in overruling this objection.   Plaintiff contends,
however, that there had been no demurrer to the petition, and that
plaintiff's objection was general, and no specific grounds assigned
wherein the petition was insufficient, and that the court properly
overruled the objection.   Where a petition is defective, and no
demurrer is filed thereto, the party objecting to the introduction of
evidence, in fairness to the court and all parties concerned, it would
be the better practice if the particular defects were pointed out
and called to the attention of the court.   The court did not
request any specific defect pointed out, and we cannot presume the
court was misled by reason of the objection being general.   Had
the court requested, no doubt counsel would have made his objec-
tion more specific.   If the petition is fatally defective in that it
does not state a cause of action, a general objection would be
good, in point of law, in any case where a general demurrer would
reach the defect, except, should the court request the particular
defect pointed out, it would be the duty of counsel to do so.   The
error, however, committed by the court was harmless, in that, dur-
ing the progress of the trial plaintiff was permitted to amend his
petition in order to cure the defects existing.   Complaint is made
to the action of the court in this respect.   Suffice it to say that it
was within the sound discretion of the court to permit the amend-

-ment; and unless its discretion was abused, it would not be reversible error. Section 4790, Rev. Laws 1910, provides:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment."

If, by permitting this amendment on account of surprise or otherwise, defendant was not prepared to proceed with the trial, the court was authorized by section 4793, Rev. Laws 1910, upon affidavit or other sufficient showing, to grant a continuance. Defendant requested a continuance, but the court was not convinced that he was entitled to same. In other words, the court was not satisfied that defendant had been prejudiced by the amendment; and, from an inspection of the record, we are of the opinion that the court was correct in this conclusion. The action of the court in permitting this amendment was likewise in its sound discretion, and, unless abused, would not be error requiring a reversal.

It is next contended that the court committed prejudicial error in permitting plaintiff to reopen the case after he had rested, to introduce other evidence. This matter was likewise in the sound discretion of the court; and the statute is rather liberal in authorizing trial courts to permit amendments, and vests a wide discretion in the court in the trial of causes, in order to prevent a miscarriage of justice. It does not appear that defendant was in any way prejudiced by the action of the court in this respect. It is not seriously contended that the evidence in this case does not sustain the finding and judgment of the trial court. The defense made and the points raised in this court are purely technical.

Under section 4791, Rev. Laws 1910, it is the plain duty of this court to affirm this case; and it is so ordered.

All the Justices concur.