## RANDALS et al. v. PARO.

No. 7879—Opinion Filed Oct. 9, 1917.

(168 Pac. 216.)

**1. Pleading—Objections to Admission of Evidence—Cure by Amendment.**

Any error in overruling an objection to the introduction of evidence under a petition in ejectment on the ground that the petition fails to set out copies of the instruments making up the chain of title is cured by an amendment of such petition after verdict, without objection or exception, setting up such copies.

**2. Appeal and Error—Exceptions to Instructions.**

Alleged error in the giving of instructions cannot be reviewed in this court in the absence of an exception to such instructions.

(Syllabus by Rummons, C.)

Error from District Court, Hughes County; R. W. Higgins, Assigned Judge.

Action by Corrine Paro against J. T. Randals and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Fowler & Biggers, for plaintiffs in error. J. A. Baker, for defendant in error.

Opinion by RUMMONS, C. This is an action in ejectment commenced in the district court of Hughes county to recover possession of certain real estate alloted to the defendant in error, a Creek freedman. But two errors are assigned by the plaintiffs in error to reverse the judgment in this cause.

Plaintiffs in error first complain of error of the court in overruling their objection to the introduction of any evidence for the reason that the petition did not state a cause of action. This objection was based upon the fact that this petition did not contain or have attached to it copies of the in-

struments making up the chain of title of defendant in error as required by section 4928, R. L. 1910. After this objection had been overruled plaintiffs in error admitted that the lands in controversy were the allotment of the defendant in error, and that patents thereto had been delivered to her. After the close of the trial and after motion for a new trial had been filed by plaintiffs in error, defendant in error obtained leave of the court to amend her petition by attaching thereto copies of her patents. This amendment was allowed and made by the defendant in error without objection or exception on behalf of the plaintiffs in error. The admission by plaintiffs in error and the amendment by defendants in error without objection cure any possible error that may have been committed by the court in overruling the objection of plaintiffs in error to the introduction of any evidence. Lewis v. Bandy, 45 Okla. 45, 144 Pac. 624. There is no merit in this assignment of error.

Plaintiffs in error next complain of the instructions given by the court to the jury in which the burden of establishing their title was placed upon the plaintiffs in error. However, the record shows that no exception was taken by plaintiffs in error to any of the instructions given by the court. Because of this failure to except we are precluded, under the long-established rule of this court, from a consideration of this assignment of error.

The judgment should therefore be affirmed.

By the Court: It is so ordered.