## LUSK et al., Receivers, v. HENSON.

No. 9678—Opinion Filed April 13, 1920.

(Syllabus by the Court.)

**Evidence—Judicial Notice—Receivership of Railroad.**

Railroad business in the United States and in the several states, including Oklahoma, is of such magnitude and so vitally interwoven with the everyday affairs of men that courts will take judicial notice of its general features. This court, and the trial courts of this state, will take judicial notice that the St. Louis & San Francisco Railway Company was being operated by its receivers on the 25th day of September, 1913.

Error from Superior Court, Tulsa County: M. A. Breckinridge, Judge.

Action by Tena Henson against James W. Lusk and others, receivers of the St. Louis & San Francisco Railway Company. Judgment for plaintiff, and defendants bring error.

W. F. Evans, J. H. Grant, and R. A. Kleinschmidt, for plaintiffs in error.

Ralsa F. Morley, Chas. B. Mitchell, and Riddle, Bennett & Mitchell, for defendant in error.

RAINEY, J. Tena Henson, as plaintiff, recovered a judgment against James W. Lusk, W. C. Nixon, and W. B. Biddle, receivers for the St. Louis & San Francisco Railway Company, in the superior court of Tulsa county in the sum of $2,500 for personal injuries suffered by her on account of the negligence of certain of the defendant's employes, from which judgment the defendants have appealed.

In the brief filed on behalf of the defendants only two of the nine assignments of error are discussed, which are: First, the court erred in overruling the demurrer of plaintiffs in error to the evidence of the defendant in error; and, second, the court erred in overruling the motion of plaintiffs in error for a peremptory instruction.

Under these assignments of error it is not claimed that the plaintiff was not injured at the time, in the manner, and to the extent claimed by her, but it is strenuously insisted, in effect, that there is no evidence showing that the St. Louis & San Francisco Railway Company was being operated at said time by the defendants James W. Lusk, W. C. Nixon, and W. B. Biddle, as receivers of said railroad company. In this connection counsel for defendants call attention to the fact, that although the petition was filed against the defendants as receivers for said railroad company, there is no allegation therein that the railroad, at the time of the alleged injuries, was being operated by the receivers, but, on the contrary, the allegation is that on said date, to wit, the 25th day of September, 1913, "the defendant St. Louis & San Francisco Railroad Company" was operating a line of its railroad through the county of Tulsa, in the state of Oklahoma, on which the plaintiff was a passenger. However, the caption of the petition designates the above-named receivers as defendants in the action. Summons was issued and served on them as receivers; they did not file a motion to set aside the summons on the ground that the petition did not contain sufficient allegations to charge them as defendants and to authorize the issuance of summons thereon; neither did they file a demurrer on the ground that the petition did not state facts sufficient to constitute a cause of acion against them as receivers, but, on the contrary, they appeared and filed an answer, in the caption of which they designated themselves as receivers and in the body of which they designated themselves as defendants. This answer was signed by counsel as "attorneys for defendants." All of this amounted to an admission that they were properly sued and were receivers of the railroad company. It is also true that there is not any direct evidence in the record proving specifically that the St. Louis & San Francisco Railway Company was being operated at the time of the injury by the defendants as receivers for said corporation. The defendants, however, called as witnesses one T. P. Watkins, passenger conductor on what he designated as the "Frisco," and one William Lightwine, passenger brakeman on what he designated as the "St. Louis & San Francisco Railway." One L. G. Denny, who was also called as a witness for the defendants, testified that he was station agent for the "Frisco" at the time of the happening of the accident. It is not contended that in fact said witnesses were not employes of the receivers of the St. Louis & San Francisco Railway Company, but that under the evidence they were shown to be employes of the St. Louis & San Francisco Railroad Company, and that the receivers cannot be held liable for the tortious acts of the railroad company before it went into the hands of the receivers. As to the proposition of law stated, there can be no division of opinion, but the application sought to be made here is wholly without merit. Courts take judicial notice of matters of common and general knowledge. The record clearly shows that the alleged injuries were inflicted on the 25th day of September, 1913, and every person of general information knew that on said date the St. Louis & San Francisco Railroad Company was being operated by the receivers for said railroad company.

The railroad business in the United States and in the several states, including Oklahoma, is of such magnitude and so vitally interwoven with the everyday affairs of men that it can be safely said that there is no business with which the public is better acquainted with its general features, and the courts are certainly not to be presumed to be ignorant of matters so well known to the general public. 15 Ruling Case Law, 1118. The courts of this state will, therefore, take judicial notice that the St. Louis & San Francisco Railway Company was being operated by its receivers on the date of the alleged injury. The answer filed by the defendants, in effect, identifies Lusk, Nixon, and Biddle as such receivers. In fact, to hold otherwise would convict the attorneys in this case of acting in bad faith with the trial court. Certainly they knew the facts as to the receivership when they placed their witnesses on the stand, and when these witnesses testified that they were working for the "Frisco" and the "St. Louis & San Francisco Railroad Company" the court, attorneys, and jurors all understood that the witnesses meant that they were working for the defendants in court. We say this, for we are confident that if counsel had thought otherwise, they would not have permitted their witnesses to give inaccurate or incorrect testimony.

The defense now sought to be made apparently was never thought of until after judgment; at least, there is nothing in the record showing that it was called to the attention of the trial court. On an examination of the whole record, it clearly appears that the receivers were sued, and that the plaintiff suffered her injuries on account of the negligence of the employes of the railroad company at a time when it was being operated by said receivers.

It must never be overlooked that courts are created and supported in order that substantial justice may be done between litigants, and that errors or defects in the pleadings or proceedings which do not affect the substantial rights of the parties or violate in some substantial sense their constitutional or statutory rights should be disregarded. To reverse this judgment on the technical grounds urged would justly bring this court into disrepute and destroy that confidence which is essential to the true and orderly administration of justice.

The judgment is affirmed.

OWEN, C. J., and KANE, JOHNSON, and PITCHFORD, JJ., concur.