**MITCHELL v. HINES, Director Gen. of R. R. et al.**

No. 12893—Opinion Filed Feb. 5, 1924.

(Syllabus.)

1. **Appeal and Error — Discretion of Trial Court—Amendments.**

Amendments to pleadings are largely within the discretion of the trial court. To authorize a reversal of a judgment because an amendment was not allowed, it must appear that this was an abuse of judicial discretion.

2. **Railroads—Liability of Company for Negligence of Receiver.**

A railroad company, which has been placed in the hands of a receiver by a court of competent jurisdiction, and the property of which is in full possession and control of the receiver, is not liable for the acts of negligence of the receiver or his servants in the operation of the road.

3. **Pleading—Amendments—Refusal Where Unavailing.**

There was no abuse of discretion in refusing to permit plaintiff to amend his petition so as to make the receiver of the railroad a party defendant, where it was apparent that plaintiff's cause of action against the receiver was barred by the statute of limitations.

Error from District Court, Osage County; Charles B. Wilson, Jr., Judge.

Action by J. D. Mitchell against Walker D. Hines, Director General of Railroads, and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Joseph D. Mitchell, for plaintiff in error.

M. D. Green and H. L. Smith, for defendants in error.

COCHRAN, J. This action was filed by the plaintiff in error against the M., K. & T. Railway Company, a corporation, and Walker D. Hines, Director General of Railroads of the United States of America, to recover damages for the destruction by fire of certain fence posts belonging to the plaintiff in error. The action was dismissed as to Walker D. Hines, Director General, and proceeded to trial against the M. K. & T. Railway Company. The parties will hereinafter be referred to as plaintiff and defendant, as they appeared in the trial court. Upon the trial of the case, it developed that the act of negligence complained of occurred in August, 1916, and at that time the M., K. & T. Railway Company was in the control and being operated by Charles E. Schaff, Receiver, under order of the District Court of the United States for the Eastern District of Missouri. The plaintiff thereupon asked permission of the court to amend his petition so as to make Charles E. Schaff, Receiver of the M., K. & T. Railway Company, a party defendant. This motion was denied by the trial court and the plaintiff assigns as error this action of the court. It is well settled that amendments to pleadings are largely within the discretion of the trial court. To authorize a reversal of a judgment because an amendment was not allowed, it must appear that there was an abuse of judicial discretion. Consolidated Steel & Wire Co. v. Burnham, 8 Okla. 514, 58 Pac. 654; Piper v. Choctaw Northern Townsite & Imp. Co., 16 Okla. 436, 85 Pac. 965; C., R. I & P. Ry. Co. v. McCulley, 30 Okla. 178, 120 Pac. 279; Lewis v. Bandy, 45 Okla. 45, 144 Pac. 624. Since the railroad was being operated by the receiver at the time the property of the plaintiff was destroyed, the plaintiff's cause of action was against the receiver and not against the company, as the possession of the receiver was not that of the company, but of the court. 33 Cyc. 722. This cause of action against the receiver accrued in August, 1916, and plaintiff sought to make the receiver a party

to the suit on June 16, 1921. The cause of action against the receiver was barred by statute of limitations at the time the plaintiff sought to make the receiver a party to the suit, and it was therefore not an abuse of discretion to refuse to permit the plaintiff to amend his pleadings by adding a party defendant when plaintiff's cause of action against such party was barred by the statute of limitations.

The plaintiff contends further that the trial court erred in instructing the jury to return a verdict in favor of the defendant, and argues that the defendant did not plead a defect of parties defendant, and that it was error to direct a verdict because of the failure to make the receiver a party to the suit, and refers to Lusk v. Henson, 78 Okla. 147, 189 Pac. 191. In that case the receiver was served with a summons and appeared in the case, and the question under consideration was the sufficiency of the petition. In the instant case there is no question of insufficiency of the petition as to a party to the proceedings or a misjoinder of defendants. The defendant in this case was not liable for the act complained of, because the act was committed by another party. This defense could be and was made under a general denial, and, when it developed that the cause of action was against the receiver of the M., K. & T. Railway Company and not against the M., K. & T. Railway Company, and that the cause of action against the receiver was barred by the statute of limitations, the court correctly declined to permit an amendment to the petition and instructed a verdict for the defendant. The judgment of the trial court is affirmed.

JOHNSON, C. J., and NICHOLSON, MASON, and LYDICK, JJ., concur.