## SECREST v. SECREST et al.

No. 22928. June 12, 1934.

Rehearing Denied Sept. 11, 1934.

Watts & Broaddus, for plaintiff in error.

Newton & Pinson and Joseph C. Stone, for defendants in error.

McNEILL, J. The sole question involved in this appeal is whether a son, named as an executor in the last will and testament of his deceased father, appellant herein, should have been denied the right of appointment as such executor on the sole ground of want of integrity. The county court held that said appellant was not entitled to such appointment; the district court held likewise.

It appears that Henry Secrest died November 19, 1927, leaving an estate appraised at $242,268.75; that he executed a will on December 14, 1926, naming his son, James F. Secrest, the appellant herein, executor without bond; that said decedent left surviving him a wife and seven children; that Leila Secrest, the wife of said decedent, had possession of the will, and on January 12, 1928, petitioned the county court of Wagoner county for the probate of said will and asked for the appointment of said James F. Secrest as executor. Subsequently, on February 15, 1928, after a partial hearing had been had on February 2, 1928, on the petition of said Leila Secrest, the appellees, being the wife and six of the children of said decedent, filed a protest to the appointment of said James F. Secrest on the ground that said James F. Secrest had failed to petition for the probate of the will and for letters testamentary within 30 days after the death of the testator, as provided by section 1136, C. O. S. 1921.

The county court, after a hearing, admitted the will to probate, found that said James F. Secrest had waived and forfeited his right to appointment as executor, and appointed the widow of decedent as administratrix with the will annexed. Thereafter appellant appealed to the district court. The brothers and sisters of appellant filed an amendment to their protest setting forth as an additional objection to the appointment of appellant as executor that he was incompetent to act as executor because of want of integrity.

Appellant filed an answer to this amended protest and alleged that the issue of the want of integrity was not raised in the county court, and asking that this ground of objection be stricken. The sole issue presented in the county court was whether the appellant had forfeited his right of appointment as executor by reason of his failure to comply with section 1136, supra.

The district court found that said James F. Secrest, appellant, had not forfeited his right to appointment as executor; that the evidence sufficiently established lack of integrity to preclude his acting as sole executor under the will, but not to prevent his acting as joint administrator with said widow, and entered judgment appointing both as joint administrators of said estate, requiring each to enter into a bond in the sum of $100,000.

An appeal was lodged in this court to reverse that judgment. See Secrest v. Secrest, 146 Okla. 235, 294 P. 91. It was contended on appeal that the district court was without

jurisdiction to permit the pleadings to be amended on appeal, charging said appellant with lack of integrity, that new and additional issues were injected into said case, and that said district court was without authority to enter judgment appointing appellant and the widow of said decedent as joint administrators. This court held, under the facts and circumstances as shown by the record, that appellant had shown good cause for delay in asking for his appointment as executor under said will, and that he did not forfeit his right to be appointed executor under the will of said decedent for failure to comply with said section 1136, supra. This court also held that the district court on appeal from the county court in probate proceedings acquired appellate jurisdiction only; that in the exercise of such jurisdiction the issues remained the same as joined in the county court, and that amendments which injected new issues on appeal should not be allowed. The judgment of the district court was reversed and the cause remanded to that court, "with directions to remand the same to the county court of said county for further proceedings not inconsistent with the views herein expressed."

On January 23, 1931, appellant filed his been issued to said district court, the cause was remanded to the county court, with directions to take such further proceedings not inconsistent with the views expressed in the opinion of the Supreme Court.

In January 23, 1931, appellant filed his motion in said county court for appointment as executor. On January 31, 1931, said county court made an order permitting the appellees herein to file amended and supplemental pleadings and a response to the motion of said appellant. The issue raised by the supplemental pleadings was that the appellant was incompetent to act as executor because of want of integrity. It was also contended that appellant was personally objectionable to said appellees, and entertained disrespect, hostility, and hatred towards them.

On February 5, 1931, the county court denied the motion of appellant and found that he was personally objectionable to said appellees; that, by reason of the family feeling and hostility, it would not be to the best interest of said estate that he be appointed; and that he was incompetent to execute the duties of his trust by reason of his want of integrity. The court thereupon appointed the widow of said decedent as administratrix with the will annexed. An appeal was lodged with the district court on February 23, 1931, on both questions of law and fact. On May 4, 1931, the matter was heard by the district court, and the district court rendered its decree finding that appellant was wanting in integrity, and affirmed the decree of the county court.

The sole issue before the district court was the question of whether the appellant was wanting in integrity. It is contended by appellant, plaintiff in error, that if the lower court had jurisdiction to grant appellees a new hearing on the issues of integrity, the finding by the court that said appellant was wanting in integrity was contrary to the law and evidence.

It also appears to be the theory of appellant that, when this cause was reversed by this court, appellees should not have been permitted to present other grounds of objection, and he cites authorities to support this contention. We are unable to agree with that contention. The rule seems to have been often announced by this court to the effect that when a cause is reversed and remanded, with directions for further proceedings not inconsistent with the views expressed by this court in its opinion, the matter then stands as to all of the parties the same as if no trial had been had. Under such circumstances pleadings may be amended and new issues formed not inconsistent with the first issues passed upon by the Supreme Court. See Secrest v. Secrest, 146 Okla. 235, 294 P. 891; Ball v. Rankin, 23 Okla. 801, 101 P. 1105; St. Louis & S. F. Ry. Co. v. Hardy, 45 Okla. 423, 146 P. 38; Chicago, R. I. & P. Co. v. Lillard, 62 Okla. 63, 161 P. 779; Turk v. Page, 64 Okla. 251, 167 P. 462; Turk v. Page, 68 Okla. 275, 174 P. 1081; Hickey v. Johnson (8 C. C. A.) 9 Fed. (2d) 498, citing and approving Ball v. Rankin and McIntosh v. Lynch, 93 Okla. 174, 220 P. 367; section 318, C. O. S. 1921; Consolidated Steel Co. v. Burnham, 8 Okla. 514, 58 P. 654; and Lewis v. Bandy, 45 Okla. 45, 144 P. 624.

The issue of integrity comes within the issue of the right of appellant to the appointment of executor under said will.

A great deal of evidence has been introduced; the court specifically limited the number of witnesses. The evidence was conflicting on the immediate issue involved herein. It appears that the mother and each of the children sustained unfriendly relations with the appellant.

A detailed review of this evidence and family differences entailing lack of confi-

dence by the mother in her son, who had sought the appointment as executor, and the unkind and unfriendly feelings which existed between said appellant and the other brothers and sisters, would serve no needful purposes in this opinion. Men prominent in the immediate community in which the parties lived testified derogatory to the good name and character of appellant, and vice versa. Particular cases of misconduct were shown in the record. A younger brother, while a minor, testified that he bought from appellant a tract of land; that afterwards appellant sold this land to another without advising his younger brother in relation to the deal and at a price several times the amount of the original transaction. Appellant did not deny this transaction, but contends that he had acted in the matter solely for the benefit of his younger brother. It was also developed that appellant had at one time sold a lease for $100,000, and that he had paid to his aged father the sum of $40,000 in connection with the deal, which was subsequently repaid to appellant. Appellant, however, testified that the transaction was bona fide. It appears that the record does not substantiate this interpretation. At another time it is shown by the record that he charged both his mother and sister with a conspiracy to steal and hold his daughter for a ransom of $100,000, though he testified subsequently that he did not intend to include his mother in that matter. At another time he charged one of his brothers with some kind of a gun play before the members of the family. All the members of the family have denied the occurrence of any such incident.

The trial heard the various witnesses and was in a position to weigh their evidence. In an action of this character, being an action in equity, the burden is upon plaintiff to show the findings and judgment of the trial court are against the clear weight of the evidence. As we view this record, we are unable to say that appellant has taken off that weight of evidence or has sustained the burden cast upon him. At the conclusion of the argument of counsel, the trial court made this statement:

"The Court: Gentlemen, had I decided this case at noon I would have reversed the county court. The transaction of Mr. Secrest with his brother, with respect to that land, to my mind, is dishonest, and involves moral turpitude, and shows him to be unreliable and is disqualified to be executor. The judgment of the county court is affirmed."

The oral expressions made by the court, however, perform no office in the case-made and cannot be considered by this court on an appeal from the judgment of the trial court in the absence of a request for special findings of fact and conclusions of law. Dixon v. Stoetzel, 136 Okla. 302, 276 P. 730.

The journal entry recites, in part, as follows:

"* * * The court finds that James F. Secrest * * * is not competent to serve as executor for want of integrity.

"First: That James F. Secrest is now and was at the time of the will of Henry Secrest, deceased, admitted to probate, a person wanting in integrity and therefore was and is incompetent to serve as executor.

"Second: That the findings, judgment, and decree of the county court of Wagoner county, Okla., refusing to appoint James F. Secrest executor of the estate of Henry Secrest, deceased, and appointing Leila Secrest administrator with the will annexed, be and the same is hereby affirmed."

As we view this record, we conclude that the trial court considered the evidence with care, and very properly affirmed the action of the county court in refusing to appoint appellant as executor of said estate, and in affirming the appointment of Leila Secrest as administratrix with the will annexed. We find no prejudicial error..

Judgment affirmed.

RILEY, C. J., and SWINDALL, BUSBY, and WELCH, JJ., concur.