## In re LANE.

No. 25714.   Nov. 12, 1935.

Rehearing Denied Jan. 7, 1936.

Second Petition for Rehearing Denied Feb. 11, 1936.

Frank G. Anderson and A. M. Widdows, for the State Bar.

Charles A. Holden and Dudley, Hyde, Duval & Dudley, for respondent.

PHELPS, J.   Accusation was filed against C. T. Lane, a member of the State Bar of Oklahoma, wherein it was alleged that he had been guilty of unprofessional conduct by: (1) accepting $25 for cost deposit from John Luther Marlin and appropriating same to his own use; (2) filing in the United States District Court for the Northern District of Oklahoma a forged poverty affidavit on behalf of John Luther Marlin; (3) filing in the United States District Court for the Northern District of Oklahoma a forged poverty affidavit on behalf of Clarence A. Duckworth.

The charges were heard by the administrative committee for section 21 of the State Bar of Oklahoma, which, at the conclusion of said hearing found that the charges were sustained by the evidence and recommended that Mr. Lane be disbarred.

The case was reviewed by the Board of Governors of the State Bar, where additional evidence was heard, and at the conclusion of said hearing found that:

"There is ample evidence to sustain the findings made by the administrative committee and said findings are sustained by the evidence and are adopted as the findings of fact by the Board of Governors."

Upon this finding of fact the Board of Governors made the following conclusion of law:

"The Board of Governors concludes that the respondent, C. T. Lane, willfully violated the oath taken by him upon admission to the Bar of the State of Oklahoma, and willfully violated his duties as an attorney and counsellor at law and member of the State Bar of Oklahoma, and has been guilty of unprofessional and unethical conduct of such nature as to render him an unfit and untrustworthy person to be entrusted with the duties and responsibilities of an attorney and counsellor at law, and that respondent should be disbarred."

Upon this finding of fact and conclusions of law the Board of Governors made the following recommendation:

"It is, therefore, recommended by the Board of Governors of the State Bar of Oklahoma that the respondent, C. T. Lane, a member of the State Bar, residing at Norman in Cleveland county, Oklahoma, be disbarred from the practice of law in the State of Oklahoma and his name stricken from the roll of attorneys thereof"

—to which the respondent (petitioner herein) presents his petition to this court for review.

As a result of the filing of the affidavits by respondent in the United States District Court for the Northern District of Oklahoma, he was cited for contempt of that court, and upon an exhaustive hearing, where considerable testimony was taken, the respondent was found guilty of contempt of court and required to pay a fine of $100 and the costs in several cases pending in that court in which respondent appeared as attorney, the whole sum amounting to more than $500.   By stipulation the evidence taken in the contempt proceedings was used as the evidence before the administrative committee and the Board of Governors, together with other and additional evidence offered by respondent.

We have carefully examined this entire record and have no difficulty in reaching the conclusion that the findings and conclusions of the administrative committee and the Board of Governors are amply sustained by the evidence and justified under the law.   Having reached that conclusion, we see no good purpose to be served by a lengthy recitation of the facts and circumstances disclosed by the record.   Neither do we deem it necessary to again cite or quote from the authorities laying down the

rules of law by which the conduct of a member of the bar should be guided and directed, since that has been done by this court numerous times during the past few years.

It is contended by counsel for respondent that the humiliation of being found guilty of contempt of the United States District Court, p'us the payment of more than $500 in fines and costs, is sufficient punishment for respondent. In this connection we call attention to the fact that the primary purpose of a disbarment proceeding is not intended as a punishment for one charged with the infraction of the duties and obligations imposed upon an attorney by his license to practice law. State v. Ledbetter, 127 Okla. 85, 260 P. 454; 2 R. C. L. 1088, and cases cited; 6 C. J. 581.

The findings and recommendations of the Board of Governors are therefore approved and the respondent is hereby disbarred.

McNEILL, C. J., and RILEY, BUSBY, GIBSON, BAYLESS, and WELCH, JJ., concur OSBORN. V. C. J., not participating. CORN, J, absent.