## BATCHELDER v. KNECTTLE.

No. 26920.  March 30, 1937.

H. A. Johnson, for appellant.

Charles Swindall, for appellee.

OSBORN, C. J. This action was instituted in the county court of Noble county by the filing of a petition by Alice Knecttle, hereinafter referred to as appellee, for the removal of Anna B. Batchelder, hereinafter referred to as appellant, as executrix of the will of John M. Hughes, deceased. An order of removal was entered by the county court, the cause was appealed to the district court, the cause was tried de novo, and a similar order was entered by the district court. From said order, Anna B. Batchelder has appealed.

The record shows that deceased had executed his last will and testament on August 22, 1927, by which he divided his property equally between appellant and appellee and named appellant as executrix of the will. Testator died March 13, 1933. The will was admitted to probate, appellant was appointed and qualified as executrix of the will. Thereafter she filed an inventory of the estate in which the only property listed was a small tract of real estate of the appraised value of $200, notwithstanding the fact that deceased, at the time of his death, was possessed of considerable real and personal property. It developed that appellant was claiming the bulk of the estate by reason of certain conveyances from deceased to her which were executed a few days before his death. An action was instituted in the district court of Noble county to cancel said

conveyances on the grounds of lack of competency of the grantor 'and fraud practiced by the grantee. The conveyances were canceled by the district court, the cause was appealed, and the judgment affirmed. Batchelder v. Knecttle, 177 Okla. 327, 58 P. (2d) 873. While said appeal was pending, this action was instituted.

At the conclusion of the hearing in the district court, the court entered certain findings which are, in part, as follows:

"That 'after said petition for removal was filed, and upon a citation of the county court, this appellant, as such executrix, did submit to the county court what purported to be an inventory or statement of the property in controversy, but such inventory was incomplete. Furthermore, the evidence shows, and the court finds, that the appellant while acting as such executrix, exchanged certain building and loan stock for other stocks, collected dividends on stocks, and in one instance at least signed 'as executrix papers necessary to receive dividends, although not accounting for the same to the estate, or making any disclosure to the county court of her acts in using her official name to procure these dividends, transferred cash left in the bank by the testator to her own name.

"That while the appellant had and has the legal right to contend for the property until at least a court of competent jurisdiction, by final decree, holds adversely to her claim, yet under all the circumstances she has not shown that good faith and spirit of fairness which should ever characterize one acting in a trust relationship to others. The appellant, by her own admissions, has even sent much of the property consisting of bonds and certificates of stock to a point outside of the jurisdiction of this court."

Section 1186, O. S. 1931, in part, provides:

"If, however, by reason of any delays in such settlement 'and delivering up of the estate, or for any other cause, the circumstances of the estate, or the rights of those interested therein require it, the court may at any time before the settlement of accounts and delivering up of the estate is completed, revoke the letters of such executor or administrator, and appoint in his stead an administrator, either special or general, in the same manner as directed in relation to original letters of administration."

It is noted that the findings of fact by the trial court are sufficient to justify the order of removal under the terms of the statute. An examination of the entire record discloses that the findings are amply sustained by the evidence.

Various other contentions are made by appellant. These have been examined and are without merit.

The judgment is affirmed.

BAYLESS, V. C. J., and PHELPS, CORN and GIBSON, JJ., concur.