## In re HADWIGER.

S. C. B. D. No. 265. June 15, 1937.

Conrad C. Mount and Frank G. Anderson, for State Bar of Oklahoma.

Hill & Hill, A. J. Stevens, Tant, Stokes & Estes, and Shirk, Danner & Earnhart, for respondent.

HURST, J. This is an original action to review the findings and recommendation of the Board of Governors of the State Bar of Oklahoma, finding respondent guilty of three of the seven counts preferred against him, and recommending that he be disbarred. The three counts on which he was found guilty are: (2) That he falsely and fraudulently altered a pleading filed by him after judgment in the justice court; (3) that he filed a pleading for a litigant in a foreclosure proceeding without having been employed or authorized so to do; and (7) that he is not possessed of that moral fibre, fidelity, honesty of purpose, and circumspection required of a member of the bar. He was found not guilty as to counts 1, 4, 5, and 6.

The record shows that charges were preferred against the respondent in 1931, and that on December 5, 1933, this court suspended him from the practice of law for six months, but refused to disbar him as recommended by the Board of Governors of the State Bar. In re Hadwiger, 167 Okla. 307, 27 P. (2d) 604. All the acts charged against him in the instant case were committed prior to the entry of the judgment of suspension in the first case, and the formal charges were filed in the instant case on October 24, 1934, although respondent in his brief asserts that they were actually commenced before the expiration of the six-months suspension.

We have carefully reviewed the entire record in this case, and will consider separately the three counts on which the respondent was convicted.

Count No. 2 is the most serious charge. However, there is a sharp conflict in the evidence as to when the pleading was altered. The issue before the justice court in that case was as to the priority of asserted claims to certain money held by the justice of the peace. The respondent represented two claimants, and he filed pleadings in the cause in which he admitted that the claims of his clients were inferior to the claim of one Monfort. The judgment of the justice of the peace was appealed to the district court by the respondent, and it was then discovered that the paragraphs in the separate pleadings, in which he admitted the Monfort claim was prior to the claims of his clients, were marked across with a pen, but were not obliterated, and it was not difficult to read the paragraphs stricken out. It is the contention of the respondent that at the time he filed the pleadings containing the parts stricken out, there was enough money impounded to pay all the claims then asserted, but that thereafter other claims were asserted that would make it doubtful as to whether his clients would get any of the money and, in order to

protect the interests of his clients, the admissions were stricken out before the hearing. The attorney for Monfort testified that they were not stricken out at the time of the hearing, but admits that respondent at the hearing objected to the priority in favor of Monfort and stated that he would appeal from the judgment adverse to his clients' claims. The testimony of the justice of the peace is unsatisfactory, for in one place he says the paragraphs were stricken out prior to the hearing, and in another that they were stricken out subsequent to the hearing. Gus Hadwiger, father of respondent, testified that he had a conversation with the justice of the peace in which he told him that they were withdrawing the admissions, but the record is not clear as to whether this was before or after the justice rendered the judgment.

We are not prepared to say that the finding of the Board of Governors that the change was made after the judgment was rendered is against the clear weight of the evidence. The testimony of the respondent as to whether he did in fact strike out the paragraphs, and the circumstances surrounding it, is evasive and not entirely satisfactory. However, we are inclined to think that the respondent was over zealous in trying to protect the interests of his clients, and he should have obtained leave to amend the pleadings. He certainly should not have changed them after judgment, and without leave of court.

2. We have carefully examined the record and evidence pertaining to count No. 3, and are of the opinion that the finding of the Board of Governors that respondent represented a litigant, knowing that he was not authorized so to do, is against the clear weight of the evidence. The record shows that this litigant called at the office of respondent and his father, and left the summons with the father, in the absence of respondent. The father testified that he understood that his firm was employed, and told respondent to file the pleadings in the case.

3. There was considerable evidence introduced with reference to count No. 7, the general charge. Eight members of the bar of Woods county testified that the reputation of the respondent for professional ethics was bad, while eight residents of Woods county and five members of the Alfalfa county bar testified

that his reputation for truth, veracity, and fair dealing was good.

The former opinion of this court (167 Okla. 307, 27 P. (2d) 604) refers to the ill will existing between the respondent and other members of the Woods county bar. It appears from the record in the instant case that this unfortunate condition still exists.

We have given serious thought to the findings and recommendations of the Board of Governors. These recommendations are merely advisory, and it is the duty of this court to weigh the evidence on which they are based and to enter judgment thereon as the facts and justice may warrant. In re Lane (1936) 176 Okla. 60, 54 P. (2d) 339. We are unable to agree that the facts justify the severe penalty of disbarment. We are of the opinion that the ends of justice will be met by reprimanding the respondent because of his acts referred to in count No. 2.

Accordingly, the respondent is hereby reprimanded.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY and CORN, JJ., concur. BUSBY, WELCH, PHELPS, and GIBSON, JJ., dissent.