Robert L. HADWIGER, as Executor of the Estate of Annie Yuille, Deceased, and Robert L. Hadwiger, as an individual, Plaintiff in Error,

v.

Francis MELKUS, Chester Melkus, Edwin Melkus, Nettie Nicholson, Ernest Melkus, Fola Melton, John Melkus, and Carl Melkus, Defendants in Error.

No. 37607.

Supreme Court of Oklahoma.

April 14, 1959.

Rehearing Denied May 12, 1959.

Gus Hadwiger, Alva, for plaintiffs in error.

Mauntel & Doolin, Alva, Embry, Crowe, Tolbert, Boxley & Johnson, by V. P. Crowe and Val R. Miller, Oklahoma City, for defendants in error.

JOHNSON, Justice.

The facts in this case are that Annie Yuille's will was filed in the County Court of Woods County for probate. Francis Melkus, one of the named executors, in his behalf and for the designated heirs and beneficiaries under the will, filed objections in the County Court objecting to the appointment of Robert L. Hadwiger as a co-executor named under the will of the deceased, on the ground that Robert L. Hadwiger is "wanting in understanding and integrity," under Article 58, Sec. 102, O.S. 1951. Robert L. Hadwiger filed a response denying his incompetency.

The County Judge, over these objections, appointed Robert L. Hadwiger executor as the will provided. Francis Melkus, as a co-executor and in behalf of the heirs and beneficiaries, appealed to the District Court.

On de novo trial in the District Court Robert L. Hadwiger was adjudged incompetent to serve as an executor of the estate on the grounds alleged. The cause was remanded to the county court with di-

rections to appoint a person other than Robert L. Hadwiger as co-executor with will annexed of the Estate of Annie Yuille, deceased. Motion for a new trial was overruled, and he appeals.

The appointment of an executor, or administrator, is governed by statutory law. Title 58, Sec. 101, O.S.1951, provides that a court admitting a will to probate must issue letters testamentary to the persons named therein as executors who are competent to discharge that trust. Title 58, Sec. 102, O.S.1951, provides under subd. 3 that no person is competent to act as executor whom the court finds incompetent by reason of "want of understanding and integrity."

■ An appeal involving the appointment of an executor named in the will of a decedent is equitable in its nature, and the burden is upon the party appealing to establish that the findings and judgment of the trial court are against the clear weight of the evidence. Unless it so appears, the judgment on appeal will be affirmed. Secrest v. Secrest, 168 Okl. 576, 36 P.2d 57.

Robert L. Hadwiger is a member of the Bar of this State engaged in the general practice of law and has been for many years. The evidence does not show that he is disqualified to serve as an executor by reason of want of understanding. If he was disqualified, it was for want of integrity. Therefore, in applying the equitable clear weight of evidence rule, we will examine the record to determine whether the evidence under that rule supports the trial court's finding that the executor named in the will was a person wanting in integrity and incompetent to serve as executor. Secrest v. Secrest, supra.

■ This court has never defined "integrity" as used in subd. 3 of Section 102, 58 O.S.1951. The term has under identical statutory provisions been defined. See In re Bauquier's Estate, 88 Cal. 302, 26 P. 178, 532. Therein it was said:

"1. Under section 1350 of the Code of Civil Procedure no person is compe-

tent to serve as an executrix who is wanting in integrity. The word 'integrity,' as here used, means soundness of moral principle and character, as shown by one person's dealing with others in the making and performance of contracts, in fidelity and honesty in the discharge of trusts. In short, it is used as a synonym for probity, honesty, and uprightness in business relations with others. * * *"

The evidence in the record before us is not such as would justify a finding that the petitioner is lacking in integrity, as thus defined.

While under Section 104, 58 O.S.1951, any person interested in a will may file objections in writing to granting letters testamentary to the persons named as executors, or any of them, and the objections must be heard and determined by the court, but under Section 101, 58 O.S.1951, the court admitting a will to probate after the same is proved and allowed must issue letters thereon to the persons named therein as executors, who are competent to discharge the trust.

The evidence bearing on the issue of integrity or competency of Hadwiger to serve as an executor of the estate involved consisted principally of references to disbarment proceedings in 1933 and 1937 against Hadwiger, In re Hadwiger, 180 Okl. 286, 69 P.2d 327 and 167 Okl. 307, 27 P.2d 604, wherein the State Bar lodged the charges against respondent Hadwiger, and this Court reprimanded him, and other transactions not remotely germane to the issue. However, it is noted that there appears to be hard feelings between Hadwiger and the attorneys representing some of the legatees, and some of the legatees expressed dissatisfaction as to the amount apportioned to them in the will, but no objections are recorded as to the validity of the will. The will was duly admitted to probate in the County Court, and the executors named therein were appointed, and Hadwiger qualified over the protests of protestants. There the County Judge (of

the county in which Hadwiger had for many years lived and practiced law) found Hadwiger competent to serve. On appeal and trial de novo in the District Court before an assigned judge on practically the same record as hereinbefore noted, Hadwiger was declared incompetent to act as one of the executors named in the will.

From a careful examination of the record (and evidence), we conclude that the judgment rendered in the District Court, by the assigned judge, was contrary to law and against the clear weight of the evidence as Robert L. Hadwiger was not shown to be "wanting in understanding and integrity," and was therefore not incompetent to serve as one of the named executors of deceased.

A further narration of the evidence in this case, in our opinion, would serve no useful purpose since we have herein concluded that the judgment of the District Court was against the clear weight of the evidence and contrary to law, and that the named executor was competent to serve as one of the executors of the testatrix' estate.

Therefore, for the reasons given herein, the judgment of the District Court is reversed and remanded with directions to that Court to affirm the action of the County Court and remand the cause to the County Court for further proceedings not inconsistent with the views herein expressed.

.WILLIAMS, V. C. J., and HALLEY, BLACKBIRD and BERRY, JJ., concur.

JACKSON, Justice (dissenting).

My dissent is based upon the belief that the "other transactions" referred to in the majority opinion are germane to the issue presented here, and when considered in connection with the testimony of character witnesses the judgment of the trial court is not against the clear weight of the evidence.

I respectfully dissent.

I am authorized to say that DAVISON, C. J., and WELCH and IRWIN, JJ., dissent for the reasons herein expressed.