In the Matter of the ESTATE OF Lawrence WALKER, Deceased.

Gladys Nadine WALKER, Appellee,

v.

Donald Ray WALKER and Lowell Wayne Walker, Appellants.

Nos. 58977, 60873 and 61209.

Supreme Court of Oklahoma.

Jan. 15, 1985.

Rehearing Denied Feb. 20, 1985.

Certiorari Granted March 25, 1985.

Miller, Dollarhide, Dawson & Shaw by John W. Gile, Oklahoma City, for appellee.

Ross N. Johnson, Oklahoma City, for appellants.

LAVENDER, Justice:

Three separate petitions in error have been filed on behalf of appellants in this case.[1] Each has dealt with matters arising out of the administration of the estate of Lawrence Walker and all have accordingly been consolidated for consideration at this time under the last filed case number. However, the issues raised in the petitions in error filed in case numbers 61,209 and 60,873 have not been briefed, time for filing such briefs has expired,[2] and the issues raised will not now be considered on appeal.[3] The orders of the trial court

---

1. These petitions in error have been given case numbers 58,977, 60,873 and 61,209.

2. See 12 O.S. 1981, Chap. 15, App. 2, Rule 1.28.

3. See *McCorkle v. Great Atlantic Ins. Co.*, 637 P.2d 583 (Okla.1981).

appealed from in those cases will accordingly be affirmed.[4]

The sole issue remaining for consideration in this appeal deals with the propriety of the order of the trial court removing appellants as co-executors of the estate of Lawrence Walker.

Appellants, the two sons of Lawrence Walker, had been named as co-executors in their father's will. This will had been admitted to probate on Lawrence Walker's death,[5] and letters testamentary issued to appellants. Subsequently, appellee, appellants' step-mother and the widow of Lawrence Walker, filed an application with the trial court seeking the removal of appellants as co-executors of the estate. A hearing was held before the trial court on this matter on August 4, 1982. At the close of the hearing the trial court revoked the letters testamentary issued to appellants. Appellants now challenge that ruling.

The authorities cited by appellants, in support of their argument that the trial court's order revoking their letters and removing them as co-executors was erroneous, deal solely with the question of the initial issuance of letters testamentary to those named in a deceased's will.[6] These authorities are concerned with the factors initially rendering an individual incompetent to serve as a personal representative at the time of appointment. The question presented in the present case, however, concerns the trial court's authority to revoke the letters issued and remove the personal representative subsequent to the initial appointment.

■ Title 58 O.S. 1981, § 231, provides:

Any executor or administrator may, at any time, by writing, filed in the district court, resign his appointment, having first settled his account and delivered up all the estate to the person whom the court shall appoint to receive the same. If, however, by reason of any delays in such settlement and delivering up of the estate, or for any other cause, the circumstances of the estate or the rights of those interested therein require it, the court may at any time before the settlement of accounts and delivering up of the estate is completed, revoke the letters of such executor or administrator, and appoint in his stead an administrator, either special or general, in the same manner as directed in relation to original letters of administration. The liability of the outgoing executor or administrator, or of the sureties on his bond, shall not be in any manner discharged, released or affected by such appointment or resignation.

The terms of this statute place the removal of an executor at the discretion of the trial court on a showing that the circumstances of the estate or the rights of these interested require it.[7] An order of the trial court removing executors under the provisions of this statute will not be disturbed on appeal unless it is against the clear weight of the evidence,[8] and thus an abuse of the court's discretion.

■ The evidence before the trial court, at the time the order for removal was entered,[9] established that the two co-executors named in the will were brothers and were the sons of the deceased by a marriage prior to the deceased's marriage to

---

4. *Corrugated Culvert Co. v. Akers Tp.*, 52 Okl. 612, 153 P. 623 (1915); 12 O.S. 1981, Chap. 15, App. 1, Rule 1.

5. Lawrence Walker died on March 20, 1982.

6. *In re Estate of Pipkin*, 348 P.2d 330 (Okla. 1959); *Hadwiger v. Melkus*, 338 P.2d 1098, (Okla.1959); 58 O.S. 1981, §§ 101, 102 and 107.

7. See 58 O.S. 1981, §§ 234 and 545, which mandate removal and revocation by the trial court on the finding of certain circumstances.

8. *Batchelder v. Knecttle*, 179 Okl. 484, 66 P.2d 919 (1937).

9. See *In re Estates of Kjorvestad*, 304 N.W.2d 83 (N.D.1981) (trial court in probate proceedings does not operate in a vacuum, and may take judicial notice of prior proceedings in the same case.)

appellee. It was apparent that a state of contention existed between the co-executors and appellee, the widow of the deceased.[10] One of the co-executors had become insolvent and had taken bankruptcy.[11] As a result of this insolvency, creditors of the co-executor had brought claims against the estate. Additionally, the insolvent co-executor was himself indebted to the estate, and while the co-executors had brought suit against other parties to recover sums allegedly owed to the estate, including a suit against appellee, they had taken no action to recover the debt owed by the co-executor. This evidence clearly established a conflict of interest between the estate and the insolvent co-executor, and thus supports the trial court's removal order.[12]

As to the second co-executor, the evidence supporting his removal by the trial court is mainly based on the fact that he took no action to remedy the situations which resulted from the conflicts caused by his brother's insolvency and indebtedness to the estate. However, the evidence also established that the lawsuits being brought were initiated without seeking guidance or approval of the trial court in which the estate was admitted to probate.

From this evidence the trial court determined that the removal of both co-executors was required to protect the estate. Our review of the record does not establish that the decision of the trial court was against the weight of the evidence. The order of the trial court is accordingly affirmed.

SIMMS, C.J., DOOLIN, V.C.J., and HODGES, HARGRAVE, WILSON and KAUGER, JJ., concur.

**10.** See *Estate of Bonin,* 457 A.2d 1123, 1125 (Me.1983).

**11.** See *In re Estate of Quinlan,* 441 Pa. 266, 273 A.2d 340 (1971). This case was decided under Pennsylvania statute setting out grounds for removal of executor, including insolvency. However, the reasoning of the Pennsylvania Legislature in including insolvency as a ground for

OPALA, J., concurs in part, dissents in part.

BARNES, J., dissents.

removal would also support the trial court's exercise of discretion in removing a co-executor in Oklahoma on the same ground. That is, insolvency of an executor may prejudice the administration of an estate.

**12.** *Fountain v. Cabe,* 242 Ga. 787, 251 S.E.2d 529 (1979).