2016 OK CIV APP 68

**WELLS FARGO BANK, National Association, Plaintiff/appellee,**

v.

**APACHE TRIBE OF OKLAHOMA, Defendant/appellant.**

Case Number: 112988

Court of Civil Appeals of Oklahoma, Division No. 4.

Decided: 03/28/2016

Mandate Issued: 11/02/2016

Rehearing Denied April 26, 2016

**146**

Jon E. Brightmire, DOERNER, SAUN-DERS, DANIEL & ANDERSON, L.L.P., Tulsa, Oklahoma, for Plaintiff/Appellant

Patrick M. Ryan, Phillip G. Whaley, RYAN WHALEY COLDIRON JANTZEN PETERS & WEBBER, PLLC, Oklahoma City, Oklahoma and Jerome A. Miranowski, Michael M. Krauss, FAEGRE BAKER DANIELS LLP, Minneapolis, Minnesota, for Defendant/Appellee

JOHN F. FISCHER, JUDGE:

¶1 The Apache Tribe of Oklahoma appeals the district court's order confirming an arbitration award in favor of Wells Fargo Bank. The Tribe argues that the parties contracted for expanded judicial review which the district court refused to grant.[1] We find that 9 U.S.C. 10 and United States Supreme Court precedent preclude expanded review. We further find that the arbitrators did not exceed their authority and affirm the district court's confirmation order.

## BACKGROUND

¶2 This case arises from Wells Fargo's efforts to enforce an equipment lease agreement with the Tribe. In 2008, Wells Fargo loaned $3,500,000 to TGS Anadarko, LLC. TGS used the loan to buy slot machines that it leased to the Tribe pursuant to an Equipment Lease Agreement. As security for the loan, TGS assigned all of its right and title in the Lease to Wells Fargo. Additionally, the Tribe issued an Estoppel Certificate to Wells Fargo, which extended the benefits of the Lease's arbitration provision to certain disputes between Wells Fargo and the Tribe.

¶3 The Lease contains an arbitration provision at Section 22, which provides, in relevant part:

(c) ... Except to the extent such enforcement will be inconsistent with a specific provision of this Lease, arbitration awards made pursuant to this Section 22 shall be enforceable in federal court under Title 9 of the United States Code and any applicable tribal, federal or state law governing the enforcement of arbitration awards.

In 2010, the Tribe stopped making lease payments. The parties commenced arbitration and the panel granted relief to TGS and Wells Fargo and awarded damages in the amount of $6,766,734.10. By stipulation between Wells Fargo and TGS, a portion of the damages, $2,156,614.44, plus $211.78 per day after July 1, 2013, was allocated to Wells Fargo based on TGS's liability on the loan. The Estoppel Certificate allows Wells Fargo to collect the damages directly from the Tribe.

## STANDARD OF REVIEW

¶4 To the extent the parties have agreed to arbitrate their disputes, judicial review of the substance of the arbitration award is constrained. "[T]he court will set [the arbitrator's] decision aside only in very unusual circumstances." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942, 115 S.Ct. 1920, 1923, 131 L.Ed.2d 985 (1995). Title 9 U.S.C. 10 and 11 provide the "exclusive regimes" for judicial review of an arbitration award pursuant to the Federal Arbitration Act. *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 590, 128 S.Ct. 1396, 1406, 170 L.Ed.2d 254 (2008).

## ANALYSIS

¶5 Neither party disputes the application of the Federal Arbitration Act's requirements to this Court's review. Title 9 U.S.C. 9

---

1. The Tribe also appealed the issue of waiver of sovereign immunity. However, this issue was not briefed. Issues not supported by argument and authority in a party's brief may be deemed waived. *Walker v. Walker*, 1985 OK 2, ¶4, 695 P.2d 1, 1–2; Okla. Sup. Ct. R. 1.11(k)(1), 12 O.S.2011, ch. 15, app. 1. Additionally, this Court decided *Wells Fargo Bank v. Apache Tribe of Oklahoma*, 2015 OK CIV APP 10, 360 P.3d 1243 (*Apache (1)*), which was a contract arbitration dispute arising out of the same facts and circumstances as the instant case, and found that there was a valid waiver of sovereign immunity by the Tribe. For these reasons, we do not address the Tribe's waiver of sovereign immunity in this Opinion.

provides: "[a] court must grant [an order confirming the award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." Title 9 U.S.C. 10(a)(4) provides for vacatur of an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

## I. EXPANDED JUDICIAL REVIEW

■■■ ¶ 6 Nonetheless, the Tribe asserts that this Court may expand the scope of our review. The Tribe argues that private parties may contract for expanded judicial review beyond the narrow parameters of the Federal Arbitration Act and that these parties have done so. The Tribe points to Section 22(c) of the Lease Agreement which states:

> In addition to any basis for appeal of an arbitration award stated in Title 9 of the United States Code or any applicable law governing the enforcement of arbitration awards, any party hereto may appeal an arbitration award on the basis that the arbitrators incorrectly decided a question of law in making the award, or the award was made in an arbitrary or capricious manner or in manifest disregard of the factual evidence.

It is true that parties may customize many aspects of the arbitration agreement, including the issues to be arbitrated and the rules governing the arbitration proceedings. *See Hall Street,* 552 U.S. at 586, 128 S.Ct. at 1404; *Volt Info. Sciences, Inc. v. Bd. of Trustees,* 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). However, private parties have no power to alter the "national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway." *Hall Street,* 552 U.S. at 588, 128 S.Ct. at 1405. This is particularly true where Congress has clearly defined the scope of judicial review. *Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.,* 341 F.3d 987, 1000 (9th Cir. 2003). As the Tenth Circuit explained:

Contractually expanded standards, particularly those that allow for factual review, clearly threaten to undermine the independence of the arbitration process and dilute the finality of arbitration awards because, in order for arbitration awards to be effective, courts must not only enforce the agreements to arbitrate but also enforce the resulting arbitration awards.

*Bowen v. Amoco Pipeline Co.,* 254 F.3d 925, 935 (10th Cir. 2001). The Federal Arbitration Act prevents the kind of expanded judicial review contracted for by these parties.[2] Our review is exclusively limited to the narrow grounds listed in 9 U.S.C. 10.

## II. ARBITRATORS' AUTHORITY

■■■ ¶ 7 Tribe also asserts that the arbitrators exceeded their powers by awarding damages in conflict with Oklahoma law. Title 9 U.S.C. 10(a)(4) authorizes a court to set aside an award "where the arbitrators exceeded their powers...." However, a party seeking relief under section 10 must meet a demanding burden of proof. "It is not enough ... to show that the panel committed an error—or even a serious error." *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.,* 559 U.S. 662, 671, 130 S.Ct. 1758, 1767, 176 L.Ed.2d 605 (2010). "The risk that arbitrators may construe the governing law imperfectly in the course of delivering a decision ... is a risk that every party to arbitration assumes, and such legal and factual errors lie far outside the category of conduct embraced by 10(a)(4)." *Kyocera,* 341 F.3d at 1003. Ultimately, the award will be confirmed as long as the arbitrators acted within the scope of their contractual authorization. *Oxford Health Plans, L.L.C. v. Sutter,* — U.S. ——, 133 S.Ct. 2064, 2068, 186 L.Ed.2d 113 (2013).

¶ 8 So, the Tribe argues that the arbitrators exceeded their powers by disregarding the Tribal–State Gaming Compact, 3A O.S. 2011 281, in their calculation of damages against the Tribe. Section 281(10)(b)(6) prohibits the Tribe from "mak[ing] payments to ... any person or entity whose application to

---

**2.** No doubt the parties were sincere in their contractual negotiations. However, they agreed to a contract term that the Federal Arbitration Act prohibits. The Tribe could have only avoided this result by refusing to waive sovereign immunity.

the [Tribal Compliance Agency] has been denied, or whose license has expired or been suspended or revoked." The arbitrators considered this argument and found "[t]he Compact does not prohibit the Tribe from paying damages to an unlicensed vendor for breach of contract."

¶ 9 The arbitrators' authority comes from Section 22 of the Lease Agreement. Section 22 defines a claim as "any dispute, claim, question, or disagreement between the Owner and the Lessee that is directly or indirectly related to this Lease, whether arising under law or in equity, whether arising as a matter of contract or tort, whether arising during or after the expiration of this Agreement." Section 22(a) states: "... all Claims shall be settled by arbitration administered by the American Arbitration Association in accordance with the provisions of its Commercial Arbitration Rules in effect at the time of submission...." The contract grants broad authority to the arbitrators, including the authority to consider whether the Lease Agreement was breached as a matter of Oklahoma law. Therefore, the arbitrators did not exceed their authority when they found that the Tribe breached the Lease Agreement and awarded contract damages against the Tribe.

## CONCLUSION

¶ 10 Private parties may not contract for expanded judicial review when the strict confines of the Federal Arbitration Act apply to the arbitration proceeding and award, as they do in this case. The arbitrators did not exceed their contractual authority and the district court's order confirming the arbitration award is affirmed.

¶ 11 **AFFIRMED.**

GOODMAN, C.J., and WISEMAN, P.J., concur.