348 P.2d 330 (1959)
Matter of the ESTATE of B.V. PIPKIN, deceased.
Frances Lem Pipkin HIGGINS and James W. Pipkin, Plaintiffs in Error,
v.
Marshall W. PIPKIN, Defendant in Error.
No. 38520.
Supreme Court of Oklahoma.
December 22, 1959.
Dick Bell, Seminole, T.H. Williams, Jr., Wewoka, for plaintiffs in error.
J.T. Criswell, Prague, Raymond Criswell, Wewoka, for defendant in error.
*331 BERRY, Justice.
B.V. Pipkin, hereafter referred to as "testatrix", died testate in 1957. In 1949 testatrix made a will in which she apparently named her sons and daughters, or if deceased at the time of her death, their issue, her beneficiaries. In said will testatrix provided that her sons, Wade L. Pipkin and Marshall W. Pipkin, or the survivor, should be appointed executors of her estate without bond. Wade L. Pipkin, who was survived by four children, predeceased testatrix.
Following testatrix' death, Marshall W. Pipkin, hereafter referred to as "proponent", filed a petition in the County Court of Seminole County to probate testatrix' will. The plaintiffs in error, James W. Pipkin and Frances Lem Pipkin Higgins, hereafter referred to as "contestants", surviving son and daughter respectively of testatrix, filed a pleading in said County Court denominated "Contest to Probate of Will" but wherein they only alleged that proponent was not competent to act as executor and that a disinterested person should be appointed as "Special Administrator" of the estate. Following a hearing on said contest in the County Court, said Court found and held that the application of proponent for appointment as executor should be denied and that A.C. Kidd, upon *332 qualifying, should be appointed "administrator" of the estate. Proponent perfected an appeal to the Superior Court from the action of the County Court in the foregoing particulars.
In the Superior Court contestants requested a jury, which request was granted. At the trial in said Court on contestants' contest, written interrogatories were submitted to the jury which were answered favorably to petitioner, following which action judgment was entered in proponent's favor to the general effect that proponent was "found to be a competent person to act as executor of" the estate; that the order of the County Court denying proponent's application for appointment as executor of testatrix' estate was reversed, and the County Court was ordered to appoint proponent as executor of the estate. From said judgment contestants perfected this appeal.
Contestants contend that proponent "is incompetent to serve as executor (of the estate) by reason of his antagonistic, adverse and conflicting interests, digested as follows:
"(1) Failure to recognize the present validity of the appointment of A.C. Kidd, as administrator of the estate of said decedent.
"(2) Seeking to block the sale of an oil and gas lease on the property of said estate.
"(3) Defendant in a suit, to cancel deed to 520 acres of land, which if successful, would make the 520 acres of land assets of said estate."
Proponent counters with the assertion that there is competent evidence showing that he was not guilty of misconduct in the transaction by which he received a deed from testatrix to 520 acres of land; that proponent has only resorted "to legal and statutory methods in resisting the appointment of any person other than himself as executor"; that there is competent evidence sustaining the findings and judgment of the trial court that proponent was a competent person to serve as executor.
The applicable statutes appear to be 58 O.S. 1951 §§ 101 and 102, which statutes read respectively as follows:
"§ 101. The court admitting a will to probate after the same is proved and allowed, must issue letters thereon to the persons named therein as executors, who are competent to discharge the trust, who must appear and qualify unless objections be made as provided in Section 6146."
"§ 102. No person is competent to serve as executor who at the time the will is admitted to probate is
"1. Under the age of majority.
"2. Convicted of an infamous crime.
"3. Adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding and integrity."
The record shows that the only grounds enumerated in Sec. 102, supra, upon which proponent can be said to not be competent to be appointed executor is "improvidence, or want of understanding and integrity."
There is competent evidence showing that proponent was not guilty of misconduct in accepting a deed to 520 acres of land from testatrix; that testatrix intended to give the land to proponent and had reasons for making the gift; that testatrix had sufficient mental capacity to understand the nature of her act in making the gift; that proponent is capable, honest and trustworthy; that proponent was of the opinion that he had legal right to refuse to recognize the validity of A.C. Kidd's appointment as administrator and in protesting the sale of the oil and gas lease. It follows that if the judgment appealed from is measured by the provisions of Sec. 102, supra, the judgment is not against the clear weight of the evidence.
Contestants also urge that the provisions of 58 O.S. 1951 § 231, to the effect that if by reason of any delays in settling or delivering up an estate, "or for any other cause, the circumstances of the estate *333 or the rights of those interested therein require it, the court may at any time before the settlement of accounts and delivering up of the estate is completed, revoke the letters of such executor or administrator, and appoint in his stead an administrator, form an adequate basis for the County Court's action and that the action of the Superior Court to the contrary results "in an abuse of discretion and a manifest injustice by operation of law."
The issue presented here is whether proponent is competent to be appointed executor of the estate and not whether his acts following his appointment as such would justify his removal as executor, and for said reason Sec. 231, supra, is not applicable nor are cases construing said statute controlling. As pointed out, it is provided in Sec. 101, supra, that "The court admitting a will to probate after the same is proved and allowed, must issue letters thereon to the persons named therein as executors, who are competent" and as pointed out, the yardstick to measure such persons' competency is provided in Sec. 102, supra, under which yardstick proponent was found to be competent by the Superior Court.
The parties have not cited a case from this jurisdiction bearing directly upon the issues presented by this appeal and our research has been fruitless on that score. A case involving a statute of the same purport as Sec. 101, supra, where it was asserted that the person seeking appointment as personal representative of an estate was wanting in integrity because he claimed property that was also claimed by the estate and for said reason was not competent to serve as personal representative, is In re Bauquier's Estate, 88 Cal. 302, 26 P. 178, 179, 532: The Supreme Court of California there held that "unless there is some express provision of law which declares that he shall not act; and, as a consequence, the testator may lawfully select any person for this trust who does not fall within one of the classes expressly mentioned and declared to be incompetent and, so far as our investigation has extended this construction was uniformly given to statutes relating to this subject"; that "the words `want of integrity', found in section 1350 found in the Civil Code of Procedure, do not apply in the case where there is a simple conflict of interest in regard to the estate between the executor named in the will and the other legatees"; that "We do not think, however, that the mere fact that the appellant claims property as her own, which the other legatees insist belongs to the estate, would of itself, and without some reference to the honesty of her claim show a want of integrity."
The following will be found at page 913, § 28(d), 33 C.J.S. Executors and Administrators:
"A person is not rendered incompetent to act as executor of an estate because he claims individually property which ostensibly belongs to the estate, and the fact that the person nominated as executor has some claim or interest adverse to that of the estate or legatees under the will will not in itself serve to disqualify him. * * *"
Contestants also contend that the trial court erred in giving certain instructions that were given the jury and in refusing to give instructions that they requested. While the right to submit cases such as the instant case to a jury is established by 58 O.S. 1951 § 735, the verdict of the jury is merely advisory and the court must ultimately determine all questions of fact as well as law, and alleged error of the court in giving and refusing to give instructions will form no basis or grounds of error upon appeal to this Court. Jenkins v. Abercrombie, 204 Okl. 213, 228 P.2d 657, and cited cases.
The judgment appealed from is not clearly against the weight of the evidence and for said reason will be permitted to stand.
Affirmed.
WILLIAMS, V.C.J., and WELCH, HALLEY, BLACKBIRD, JACKSON and IRWIN, JJ., concur.