Pauline H. CONSTANT, Executrix of the Estate of Constantine D. [Gus] Eugenicos, Deceased, Petitioner,

v.

Bill BIGGERS, Judge of the District Court of Seminole County, Respondent.

No. 49652.

Supreme Court of Oklahoma.

June 8, 1976.

Bishop, Wantland & Wrigley, Seminole, for petitioner.

Edwards & French, Seminole, for respondent.

Keith Cooper, Seminole, for non-resident alien heirs.

BERRY, Justice:

This is original proceeding commenced by Pauline H. Constant, Executrix of the estate of Constantine D. [Gus] Eugenicos, deceased. Petitioner asks this Court to assume jurisdiction and issue writ of mandamus and prohibition to Honorable Bill Biggers directing him to vacate letters testamentary issued to Frank Seay and to refrain from further appointments of executors not named in will.

On March 25, 1976, the last will and testament of Constantine D. [Gus] Eugenicos was admitted to probate in Wewoka Division of District Court of Seminole County. Under terms of will, petitioner, Pauline H. Constant, was named executrix to serve without bond. Theodore C. Constant was named alternate executor in event petitioner was unable to serve. In accordance with terms of will the court directed that letters testamentary issue to petitioner. However, the court then appointed Frank Seay, a local attorney, as co-executor and

directed that both executors post $25,000.00 bond. The will made no provision for a co-executor and Frank Seay was not mentioned anywhere in the will.

As all legatees and devisees under the will are residents of Greece, the court appointed Keith Cooper as attorney to represent them.

On April 5, 1976, petitioner filed motion to reconsider and vacate appointment of Frank Seay as co-executor. On April 22, 1976, the court overruled motion to reconsider and to vacate. Petitioner seeks extraordinary relief in this Court.

Petitioner cites *State ex rel. Lauridsen v. Superior Court*, 179 Wash. 198, 37 P.2d 209. There, the individual named as executor in the will acted for a time and resigned. Although alternate executors were named in the will, the court appointed another party. In setting aside the appointment the court said:

" * * * The court itself can make no original appointment of an executor, its power being limited to recognizing and approving or disapproving an appointment made by the testator. So far as possible, the courts carry out the intention of the testator by seeing that the trust is committed to the one designated by the testator. To do this the nominated executor almost invariably is given an opportunity to accept or decline the executorship."

The Washington case cited with approval *Secrest v. Secrest*, 146 Okl. 235, 294 P. 91. In *Secrest* case, James F. Secrest was nominated as executor without bond under the will of his father. Lelia Secrest, wife of testator, sought to remove James as executor for failure to petition for probate of will within 30 days after death of testator. County court removed James and appointed Lelia as administratrix. James appealed to district court. After appeal was lodged Lelia amended petition to charge James with lack of integrity. District court held James had not forfeited right as executor by reason of delay. However, it held James, due to lack of integrity, should not be sole executor. District court then appointed James and Lelia as joint administrators requiring each to post $100,000.00 bond. James appealed to Supreme Court. This Court held district court did not have jurisdiction on appeal to appoint James and Lelia as joint administrators. Since evidence failed to sustain allegation James had forfeited his right to letters testamentary by delay, he was reinstated as sole executor in accordance with terms of will.

58 O.S.1971 § 101, provides:

"The court admitting a will to probate after the same is proved and allowed, must issue letters thereon to the persons named therein as executors, who are competent to discharge the trust, who must appear and qualify unless objections be made as provided in Section 104 of this Title."

We held in syllabus 1 *In re Pipkin's Estate*, Okl., 348 P.2d 330:

"Under the provisions of 58 O.S.1951 § 101, a court, upon admitting a will to probate, must issue letters testamentary to the person named in the will as executor if said person is competent within the purview of 58 O.S.1951 § 101."

In instant action, no objection was made to appointment of petitioner as executrix. The court's order overruling motion to reconsider and vacate appointment of co-executor states in part:

" * * * Thereafter, the Court states that the Estate is primarily a liquid one, and in order to protect the purported heirs, the Court not only appointed the Executrix named in the Will, but set bond. As a further protection, the Court appointed a Co-Executor, and set bond for him. This was done to protect not only the heirs, but the Court, without reflection on anybody in this case * * *"

■ The record reveals nonresident alien heirs wrote a letter to the court re-

questing that their interests be protected. The court's appointment of an attorney to represent their interests is justified by virtue of 58 O.S.1971 § 710. However, we find no authority nor justification for appointment of a co-executor not named in the will. For the court to make such an appointment is to undermine the expressed intentions of the testator.

Section 102, supra, specifies those incompetent to serve. No evidence was introduced to show petitioner was in any way incompetent. All evidence appears to the contrary showing her competency.

Section 107, supra, provides when two executors are appointed then the act of one can only be effectual if one is absent from the state, or under a disability, or one has given his co-executor authority in writing to act for both. Appointment by the judge of an additional executor greatly negates the appointment of petitioner as well as nullify the intent of the statute.

■ Without deciding whether appeal lies from order overruling motion to vacate appointment of executor, we note this Court has held extraordinary relief lies under circumstances where appeal is not speedy and adequate. *Board of Commissioners of Harmon County v. Keen,* 194 Okl. 593, 153 P.2d 483.

■ Prohibition is properly remedy, where inferior court assumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force. Writ will not be withheld under such conditions because other concurrent remedies exist where it does not appear such remedies are equally adequate and convenient. *State ex rel. Pitchford v. District Court of 24th Judicial Dist.,* Okl.Cr., 323 P.2d 993.

Writ of mandamus and prohibition is accordingly granted directing respondent district judge and district court of Seminole County, Wewoka Division, to vacate letters testamentary issued to Frank Seay and to refrain from further appointment of executors or administrators not named in will in said cause.

WILLIAMS, C. J., and IRWIN, BARNES, SIMMS and DOOLIN, JJ., concur.