In the Matter of the ESTATE OF William J. RINGWALD, Deceased.

Patricia L. RINGWALD, Appellant,

v.

Hazel R. MERLE, Personal Representative of the Estate of William J. Ringwald, Deceased, Appellee.

No. 76048.

Court of Appeals of Oklahoma, Division No. 1.

Oct. 22, 1991.

Rehearing Denied Dec. 9, 1991.

Certiorari Denied May 19, 1992.

Michael P. Warwick, Shawnee, for appellant.

Lloyd G. McAlister and Karla McAlister, Edmond, for appellee.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

William J. Ringwald (Testator or WJR) died testate on January 17, 1989. His Will was admitted to probate on February 24, 1989. Testator's estate was devised and bequeathed to a Trust for the benefit of his daughter, Patricia L. Ringwald (Appellant). Appellant is the only heir at law. WJR's sister, Hazel R. Merle (Merle) was an alternate beneficiary under certain remote possibilities.

Testator appointed the American National Bank and Trust Company of Shawnee, Oklahoma (Bank), and Testator's sister, Hazel R. Merle, to serve as Co–Executors (Personal Representatives). (Hereinafter PR, Co–PR, PR's, or Co–PR's.) The Will provided: "[I]f my sister, Hazel R. Merle, should predecease me or be unable to serve for any reason", Bank is appointed to serve as Executor without bond. Merle was a resident of Salt Lake City, Utah, and it was deemed to be inconvenient for her to serve as Co–PR. Merle executed a "Waiver of Right to Appointment". In pertinent part, it is as follows:

> "I, Hazel R. Merle, ... do hereby waive any rights to said appointment in favor of Joan Ringwald ... and ... pray the Court to appoint the said Joan Ringwald as Co–Personal Representative...."

Joan Ringwald (Joan) is Appellant's mother and WJR's ex-wife.

Bank and Joan were petitioners for admission of the Will to probate and for Letters Testamentary. Notice was given and on hearing, the Court appointed Bank and Joan to be Co–PR's, and issued separate Letters Testamentary to each of them. No objections had been filed. The appointment of Joan as Co–PR apparently violated 58 O.S.Supp.1988 § 101 and the express terms of Testator's Will. In this connection, see *Constant v. Biggers,* 550 P.2d 1337 (Okl.1976).

The time came when the spirit of friendly cooperation (which apparently existed in the beginning) waned, slowed down, came to a standstill and disappeared. It came to light that Testator owned more property in joint tenancy with Merle, than that which was included in the probate estate. The Will required all taxes, including estate taxes, to be paid from the probate estate "without apportionment". This was done. Merle received much more of Testator's property than that which would go into the trust without being required to pay "her share" of taxes and expenses. This was not satisfactory to Appellant or Joan. Bank simply wanted to follow the law as dictated by the facts.

Joan, as Co–PR, filed an action against Merle to recover the joint tenancy assets and to cause them to be a portion of the probate estate. Joan caused Bank, as Co–PR, to be shown as a Plaintiff against Merle, without Bank's consent or approval. Merle filed an application to renounce her waiver of right to be PR, to discharge Joan, and for Letters Testamentary to issue to herself (Merle) as PR without bond. Bank tendered its resignation for the "best interests" of the estate. Appellant filed an application and asked the Court: (1) to refuse to appoint Merle because she had waived her right, and because she had conflicting interests; (2) to accept Bank's resignation and discharge bank upon approval of its account; and, (3) to appoint her (Appellant) to be Administrator with Will Annexed pursuant to 58 O.S.1988 § 103.

The trial court revoked the Letters Testamentary previously issued to Joan and held that her appointment was unlawful from the beginning. See § 101, supra, *Constant v. Biggers,* supra, and the previous discussion of the Will which shows Testator's intention. The order revoking Joan's Letters was not appealed and is not before this Court for consideration, except that it is a part of the proceedings in the Court below. In revoking Joan's Letters Testamentary, the Court also relied on *Matter of Estate of Walker,* 695 P.2d 1 (Okl.1985).

The Court held that Merle had the right to renounce her waiver and appointed her

to be PR because she was the only one named in the Will who is willing to serve in that capacity.

The Court, in effect, has accepted the resignation of Bank, and ordered that Bank would be discharged upon furnishing receipts from the successor PR. Appellant's application to be appointed Administrator With Will Annexed was denied. Neither Bank nor Joan are parties to this appeal.

I

Appellant contends the trial court erred in appointing Merle to be PR because: (1) Merle's Petition for Letters Testamentary was not verified; (2) Merle did not "appear" at the hearing; (3) Merle did not present evidence of her competence and ability to serve; (4) Merle had "renounced" or waived her right; and, (5) Merle was being sued by the Representatives of the estate and had conflicting interests.

■ (1) Neither Appellant nor Appellee cite any statute or case law to support Appellant's contention that Merle's petition to be appointed PR was required to be verified; and, we are not familiar with any such statute or case law. This contention lacks merit.

■ (2) Appellant's contention that the trial court erred in appointing Merle to be PR because Merle did not appear at the hearing, is rejected. Merle did appear by her attorney and we hold that to be sufficient without some showing of prejudice. Appellant does not cite any authority for this argument, except that Appellant construes the word "appear" to require physical presence. We do not agree. Merle could, and did appear by and through her attorney. There is nothing new about a party appearing by attorney, and this especially applies to non-resident applicants for appointment as PR in a probate matter. The record shows that Merle properly qualified to serve in this capacity. We find no abuse of discretion.

■ (3) Next, Appellant contends the court erred because Merle did not present

evidence of her competence and ability to serve. In this connection, we note that Appellant's petition for Letters of Administration With Will Annexed was filed on February 26, 1990. Merle's petition for Letters Testamentary as substitute PR was filed on July 5, 1990. Both petitions were beard on the same day (July 13, 1990). Appellant and her attorney were personally present. The appellate record does not contain a transcript of that hearing, and it appears that the parties waived the right to have a court reporter present. We agree with Appellee that there is a presumption of competence, and the burden of proof in this respect is on the one who contests the appointment. The burden of showing this court, on appeal, that the trial court erred, is on the Appellant. That has not been done. Absent a contrary showing, this court must presume the trial court acted properly.

■ (4) Again, other than 58 O.S.1981 § 103 neither party cites any authority, either a statute or case law, which bears on Appellant's contention that Merle's waiver of right to be PR falls within the premise that "once waived, always waived". Neither party cites authority as to whether Merle could revoke her waiver. We hold that each case must be determined by its own facts and circumstances; and, whether such a waiver may be revoked is largely within the discretion of the trial court. Here, Merle's waiver clearly appears to be conditional. She waived "in favor of Joan". Obviously, if valid, the waiver would be effective so long as Joan served as PR. We cannot construe the waiver to be effective in favor of any person other than Joan. Examination of the Will reveals that the testator appointed Bank to be PR if "for any reason" Merle did not serve. Again, there is no transcript of the hearing at which Merle was appointed. The Court had heard extensive testimony at a previous hearing on January 26, 1990. We decline to adopt a rule which would hold: "Once waived, always waived." Under the facts and circumstances of this

case, we find no abuse of discretion by the trial court.

■ (5) The Petition in the action against Merle showed Joan, as Co–PR, and Bank, as Co–PR, to be Plaintiffs. Bank never agreed to file the action. Instead, Bank uniformly took the position that such an action was without merit. Joan was removed as PR either before or at the same time that Merle was appointed. An amended petition in the separate action against Merle shows Joan, as PR, and Appellant to be the Plaintiffs. Since Co–PRS are required to act together, it cannot be said that an action was ever properly filed against Merle by the Co–PR's. 58 O.S.Supp.1988 § 107. In the present posture of that action, Appellant appears to be the Plaintiff. We see no reason why she may not prosecute that case to a conclusion.

In *Constant v. Biggers,* supra, the Supreme Court held that a probate court must issue Letters Testamentary to the person named in the will as executor, if said person is competent to serve. Then the Court said that 58 O.S.1951 § 102 (now 58 O.S.1981 § 102) specifies those who are incompetent to serve. Section 102 is as follows:

> No person is competent to serve as executor who at the time the will is admitted to probate is
>
> 1. Under the age of majority.
>
> 2. Convicted of an infamous crime.
>
> 3. Adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding and integrity.

In the case of *Matter of the Estate of Pipkin,* 348 P.2d 330 (Okl.1959), the Supreme Court held that a testator's son was competent to serve as executor even though he had accepted a deed from the testator to 520 acres of land; and he was defendant in an action which, if successful, would cancel the deed and make the 520 acres a part of the probate estate. In view of the *Pipkin* decision, the Kansas case cited by Appellant is not persuasive. See *Estate of Petty,* 227 Kan. 697, 608 P.2d 987 (1980). The fact that Merle is a defendant in an action which, if successful, would cause property claimed by Merle to be a part of the probate estate did not make her incompetent to serve as PR.

## II

In view of the above and foregoing, it becomes unnecessary to consider Appellant's contention that the Court erred in refusing to appoint her to be Administrator With Will Annexed pursuant to 58 O.S.1981 § 103. This section does not apply unless the "sole executor or all the executors are incompetent, or renounce or fail to apply for Letters, or to appear and qualify".

AFFIRMED.

BAILEY and ADAMS, JJ., concur.