In the Matter of the ESTATE OF William J. RINGWALD.

Hazel MERLE, Personal Representative, Appellee,

v.

Patricia RINGWALD, Appellant.

No. 84393.

Court of Appeals of Oklahoma, Division No. 3.

Sept. 12, 1995.

Michael P. Warwick, Shawnee, for Appellant.

Gary R. Underwood, Oklahoma City, for Appellee.

## OPINION

HANSEN, Judge:

Appellant, Patricia Ringwald, seeks review of the trial court's order which granted the motion of Appellee, Hazel Merle, Personal Representative of the Estate of William J. Ringwald, Deceased (hereafter "Merle"), for partial summary judgment. Appellant seeks review of this interlocutory probate order which additionally denied her petition for the appointment of a special administrator and which granted Merle's motion for sanctions against Appellant. A previous order in this action was the subject of a prior appeal, *In the Matter of Estate of Ringwald,* 830 P.2d 1377 (Okla.App.1991) (hereafter *"Ringwald I"*).[1] In *Ringwald I,* the Court of Appeals affirmed the trial court's order appointing Merle as personal representative of the Estate. Appellant is the daughter and only heir at law of the Decedent and Merle is the

---

1. Certiorari was denied on May 19, 1992, and mandate issued May 29, 1992.

sister of the Decedent. Merle's motion for this Court to summarily affirm the trial court's judgment under Rule 1.202(a), Rules of Appellate Procedure in Civil Cases, 12 O.S., Ch. 15, App. 2, is denied.

In April, 1993, Merle filed her Final Account. Appellant filed an Objection to the final account and petitioned the court for the appointment of a special administrator. In her Objection, Appellant alleged Merle had failed to account for approximately $160,-000.00 belonging to the Estate which Merle claims is her separate property. Appellant maintains Merle has a conflict of interest which impairs her ability to perform her duties as required by law. Appellant alleged conversion of these funds by Merle and requested the court to appoint her (Appellant) as a special administrator to bring an action against Merle to recover these estate assets for the benefit of the estate. In support of the appointment of a special administrator, Appellant cited 58 O.S. Supp.1992, § 234(B) and *In re Kelly's Estate*, 132 Okl. 21, 269 P. 282 (1928).

In response to Appellant's Objection, Merle filed her motion for partial summary judgment. The sole basis of the motion is Merle's contention Appellant is estopped, by principles of res judicata or collateral estoppel, from "again litigating her conflict of interest claim". On appeal, however, she maintains Appellant is estopped because the conflict-of-interest issue was decided in *Ringwald I* and became the "settled-law-of-the-case". Merle maintains *Ringwald I* decided the issues in Appellant's Objection regarding a conflict of interest and that Appellant should have litigated the conflict of interest issue at a July 13, 1990 hearing. The trial court's July 18, 1990 order (based on the July 13, 1990 hearing), appointed Merle the personal representative of the Estate. This was the order appealed in *Ringwald I*.

Under the doctrine of res judicata ("claim preclusion"), a final judgment on the merits of an action bars the parties from relitigating not only the adjudicated claim but also any theories or issues that were actually decided or could have been decided in that action. *Wilson v. Kane*, 852 P.2d 717, 722 (Okla.1993). Under collateral estoppel ("issue preclusion"), once a court has decided an issue of fact or law necessary to its judgment, that issue may not be relitigated between the same parties or their privies in a future suit on a different cause of action. *Benham v. Plotner*, 795 P.2d 510, 512 (Okla. 1990). The "settled-law-of-the-case" doctrine bars relitigation of only those issues which were *actually settled* by a prior appellate opinion. *Willis v. Nowata Land and Cattle Company, Inc.*, 789 P.2d 1282 (Okla.1989).

In *Ringwald I*, Appellant sought review of the trial court's order, which appointed Merle personal representative ("P.R."), based on five alleged errors. Two of the issues on appeal which Appellant maintained showed error in appointing Merle, were Merle's "competence" to serve as P.R. and Merle's "conflict of interest". The Court held Appellant failed to show Merle was incompetent to act as P.R., even though Merle was a defendant in an action brought by Appellant which, if successful, would cause property claimed by Merle (the joint tenancy funds) to be a part of the Estate. *Ringwald I*, at 1380. Thus, the fact Merle was a defendant in a suit over disputed funds brought by Appellant, did not disqualify Merle under 58 O.S.1981, § 102 from being appointed P.R.[2] The issue of Merle's competency was decided pursuant to 58 O.S.1981, § 102[3] and *In the Matter of the Estate of Pipkin*, 348 P.2d 330 (Okla.1959).

Now, in her Objection to the Final Account, Appellant requested the court not to approve the Final Account because certain

---

**2.** The undisputed facts in Merle's summary judgment memorandum indicate Appellant's lawsuit against Merle in federal court was dismissed without prejudice in January, 1992 and has not been refiled.

**3.** 58 O.S.1991, § 102 provides:

No person is competent to serve as executor who at the time the will is admitted to probate is

1. Under the age of majority.
2. Convicted of an infamous crime.
3. Adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding and integrity.

funds she maintains belongs to the Estate, were not included. She maintains Merle has a conflict of interest, not because she is a defendant in a suit brought by Appellant, but because Merle claims these funds as her personal property and has refused to bring an action in a court of competent jurisdiction to determine the ownership of the funds or to seek instruction from the probate court regarding such funds.[4] She prayed for Merle's *suspension* and that Appellant would be appointed special administrator for the limited purpose of bringing an action against Merle to recover the funds. She cites 58 O.S. Supp. 1992, § 234(B) which provides:

> B. If the judge determines on his own motion, or upon application by an interested party and upon proper showing, that an executor or administrator is subject to *a conflict of interest which substantially impairs the executor's or administrator's ability to perform his duties as required by law,* the judge *shall suspend* the powers of the executor or administrator with respect to the subject matter of the conflict of interest and appoint a special administrator to act with respect to such subject matter. The executor or administrator shall remain empowered to act with respect to all other matters. (Emphasis added).

Subsection B of Section 234 was added to Section 234 by Section 7, Ch. 395, O.S.L.1992, and became effective September 1, 1992. Thus, this subsection was enacted approximately three months after mandate issued in *Ringwald I.*

Our review of the record shows the doctrines of res judicata, collateral estoppel and the settled-law-of-the-case, do not bar Appellant's Objection to Final Account or her Petition for Appointment of Special Administra-

tor. The conflict-of-interest issue in these pleadings was not and could not have been litigated in *Ringwald I* (or in the hearing which resulted in the appealed-from order). In *Ringwald I,* Merle's competency *to be appointed* P.R. was adjudicated under 58 O.S.1981, § 102. In Appellant's Objection to the Final Account, Appellant seeks the appointment of a Special Administrator and the *suspension of Merle,* not on the basis Merle is incompetent under § 102 because she is a defendant in a separate suit, but because she has a conflict of interest (claiming ownership of alleged Estate funds) under § 234(B) which substantially impairs her ability to perform her duties.

As noted in *In the Matter of Estate of Walker,* 695 P.2d 1 (Okla.1985) and *In the Matter of the Estate of Pipkin,* 348 P.2d 330 (Okla.1959), competency under 58 O.S. § 101 and 102 is a separate issue from the issue of revocation of letters issued the personal representative.[5] Although the phrase "conflict of interest" has been used by Appellant in both her appeal in *Ringwald I* and in her Objection and Petition for Special Administrator, the record shows the issue of whether Merle, by virtue of claiming title to proceeds which an heir of the Estate contends belongs to the Estate, has a conflict of interest that substantially impairs her ability to perform her duties and thus requires the appointment of a special administrator, has never been decided by either this Court or the trial court.[6] Nor could such issue have been decided under § 234(B) because this statutory provision was not enacted until 1992. Accordingly, the doctrines upon which Merle relies are not sufficient grounds to sustain Merle's Motion for Summary Judgment on Appellant's Objection and Petition for Special Administrator.

---

4. The conflict, she argues, stems from an executor's duty to recover assets for the estate by filing an action to recover same under 58 O.S.1991, § 252 and the fact that this executor claims the assets for herself individually.

5. In these cases, the comparison was made between the personal representative's competency at the initial issuance of letters testamentary and the revocation of letters under 58 O.S.1991, § 231 after the initial appointment. In *In the Matter of Estate of Walker,* 695 P.2d 1 (Okla. 1985), the Court concluded the trial court prop-

erly revoked the letters issued to an insolvent co-executor who was indebted to the estate and who had sued others for claims owed the estate but had not tried to recover for the estate, his own debt to the estate. The Court held the evidence clearly showed a conflict of interest.

6. As stated in the judgment, the trial court informed counsel it would not receive any evidence on Appellant's Petition for Appointment of Special Administrator.

The "undisputed facts" in the briefs and memorandums in support and in opposition to Merle's motion for summary judgment, basically consist of facts which detail the chronology of the pleadings and orders in *Ringwald I* and the subsequent proceedings which have led to this appeal. Neither party demonstrated, through undisputed facts and evidentiary material, that Merle's removal as P.R. was required *as a matter of law* under 58 O.S. Supp.1992, § 234(B). In addition, there has never been a determination by the trial court regarding who owns the disputed funds. Although Appellant maintains the undisputed facts show Merle has a conflict of interest, a conflict of interest by itself, *if indeed one exists*, would not satisfy the requirements of § 234(B). The conflict of interest, if it exists, must "substantially impair the executor's or administrator's ability to perform his duties as required by law". We cannot say as a matter of law, an executor must be removed or suspended simply upon the *allegation* that a conflict exists. Previous decisions show this has never been the law. *In re Wagner's Estate*, 178 Okl. 384, 62 P.2d 1186 (Okla.1936); *In re Kelly's Estate*, 132 Okl. 21, 269 P. 282 (1928); *In re Jones' Estate*, 195 Okl. 168, 155 P.2d 980 (1945); *In re Fullerton's Estate*, 375 P.2d 933 (Okla. 1962).

Summary judgment is appropriate only where there is no substantial controversy as to any material fact and a party is entitled to judgment as a matter of law. Rule 13, Rules for District Courts, 12 O.S., Ch. 2, App. 1; *Buck's Sporting Goods, Inc. of Tulsa v. First National Bank & Trust Company of Tulsa*, 868 P.2d 693, 698 (Okla.1994). The trial court improperly granted summary judgment to Merle on Appellant's Objection to the Final Account and Petition for Special Administrator. Material fact issues regarding the existence of Merle's conflict of interest are in dispute and a hearing by the trial court is required.

Appellant also appeals the trial court's judgment which sustained Merle's motion for sanctions against Appellant. The judgment provides the trial court granted sanctions because Appellant's Objection to the Final Account and Petition for Appointment of Special Administrator were "frivolous". The trial court ordered Appellant to pay Merle's reasonable and necessary attorney fees and costs expended in defense of the Objection and Petition for Special Administrator. The trial court did not conduct a hearing on the Objection and Petition but denied same solely on the basis of the parties' pleadings and briefs. Merle requested sanctions in her supplemental memorandum for summary judgment based on 20 O.S.1991, § 2011 (we assume she meant 12 O.S.1991, § 2011), and certain of the trial court's findings in a March 26, 1993, Order Approving First Annual Account. In that order, the trial court approved attorney fees for Merle and noted the parties had disagreed and disputed many aspects of the administration of the Estate and that Merle had been successful in overcoming all Appellant's objections. There is no finding in this order that Appellant had acted in bad faith or had violated any statute in asserting her objections.

There has been no evidence presented, either in a hearing or through the summary judgment motion and responses thereto, that Appellant's Objection to the Final Account and Petition for Special Administrator is frivolous or that Appellant has engaged in any sanctionable conduct. 12 O.S.1991, § 2011 requires a threshold factual determination by the trial court that a party has acted improperly, before sanctions may be imposed. *State ex rel. Oklahoma Department of Public Safety v. Five Thousand Eight Hundred Nine Dollars in United States Currency*, 817 P.2d 750, 751 (Okla. App.1991). Accordingly, the judgment granting sanctions is reversed.

The trial court's October 24, 1994 Order, which sustains Appellee's Motion for Partial Summary Judgment, denies Appellant's Petition for Appointment of Special Administrator, and sustains Appellee's motion for sanctions is REVERSED. This cause is REMANDED for proceedings consistent with this opinion.

HUNTER, P.J., and ADAMS, J., concur.