2007 OK CIV APP 120

**In the Matter of the ESTATES OF Clarence F. NICHOLS and Mary L. Nichols, Deceased.**

**James L. Nichols, Petitioner/Appellee,**

v.

**Sharon K. Mautino, Respondent/Appellant.**

**No. 104,041.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 17, 2007.

Certiorari Denied Nov. 13, 2007.

Paul DeMuro, J. Michael Medina, Frederic Dorwart, Lawyers, Tulsa, OK, for Petitioner/Appellee.

Stratton Taylor, Mark H. Ramsey, Mark Antinoro, Taylor, Burrage, Foster, Mallett, Downs & Ramsey, Claremore, OK, for Respondent/Appellant.

ROBERT DICK BELL, Judge.

¶1 Respondent/Appellant, Sharon K. Mautino, appeals from the district court's order appointing Petitioner/Appellee, James L. Nichols, as personal representative (PR) of the estates of Clarence F. Nichols and Mary L. Nichols (Decedents).

¶2 The Decedents are the parents of Appellant and Appellee. During their lifetimes, Decedents created "The Nichols Family Revocable Trust dated January 30, 1997" (the Trust). Appellee was nominated to serve as successor trustee of the Trust. Appellee and Appellant are both beneficiaries of the Trust. Appellant's beneficiary interest is subject to spendthrift provisions which require the Trustee to administer the Trust until Appellant reaches sixty years of age, at which time the Trust shall terminate and be distributed. Contemporaneously with the execution of the Trust, the Decedents executed and published their last wills and testaments. Appellee was nominated to serve as PR of both of their wills. The Trust is the sole devisee of both Decedents' estates.

¶3 During his lifetime, Clarence F. Nichols, as a Trustee of the Trust, loaned $150,000.00 to Appellee and Appellee's business partner, Ron Shepherd. Clarence F. Nichols died on May 2, 2001. Mary L. Nichols resigned as Trustee in June 2001 and Appellee was appointed successor trustee. On June 30, 2003, Appellee was appointed to serve as guardian of Mary L. Nichols. Around June, 2003, Appellee as Trustee of the Trust borrowed $50,000.00 from Security Bank. These funds were disbursed to Appellee and his business partner. None of the loans from the Trust to Appellee and his partner were memorialized by promissory notes. An amortization schedule created in 2006 and an e-mail between Appellee and Shepherd acknowledged this obligation which is indisputably the largest asset of the Trust.

¶4 In January 2005, Appellee, as Trustee, filed a lawsuit against his business partner to collect the debt. Mary L. Nichols died March 27, 2006. Appellee filed separate actions to probate each of his parent's wills. Appellee represented the primary purpose for filing the probate proceedings was to appoint a PR to pursue the Decedents' lawsuit against Shepherd. The trial court consolidated the two probates and the wills were admitted to probate without objection. Appellant filed an objection to the appointment of Appellee as PR alleging he was fundamentally unfit to serve in this fiduciary capacity due to serious and substantial conflicts of interest, breaches of trust and self-dealing involving the sole asset of the estates. Specifically, Appellant alleged Appellee, as Trustee, attempted to collect the $200,000.00 debt from others, but withheld information that he too was obligated under the debt. She also contended Appellee failed to timely make payments on this debt.

¶5 A hearing was held on the merits of Appellant's objection. After considering the testimony of the parties and their witnesses and the documentary evidence, the district court appointed Appellee as PR of the Decedents' estates. Appellant brought this interlocutory appeal pursuant to 58 O.S.2001 § 721(1).

¶6 Appellant's first assignment of error contends the district court failed to apply statutory requirements of 58 O.S.2001 § 231 and 234 which preclude Appellee's appointment as PR due to his conflict of interest. Appellee counters §§ 231 and 234 are inapplicable to the instant proceeding. Because this is an initial proceeding for the appointment of a testamentary nominee, Appellee contends 58 O.S.2001 § 102 governs this proceeding. We review questions of law and statutory interpretation de novo. Barnes v. Okla. Farm Bureau Mut. Ins. Co., 2000 OK 55, ¶4, 11 P.3d 162, 166. This Court will

exercise its plenary, independent, and non-deferential authority when reexamining a trial court's legal rulings. *Id.*

¶ 7 Section 102 provides:

No person is competent to serve as executor who at the time the will is admitted to probate is

1. Under the age of majority.

2. Convicted of an infamous crime.

3. Adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding and integrity.

¶ 8 On the other hand, §§ 231 and 234 specifically pertain to the revocation of letters and removal of individuals already serving in the capacity as a PR. Notwithstanding the obvious distinction between these sections, Appellant argues §§ 231 and 234 and case law interpreting same are applicable and therefore, the district court should have denied Appellee's application for letters testamentary. A similar argument was made and rejected in *In re Pipkin's Estate,* 1959 OK 270, 348 P.2d 330. There, the Court clarified that the question as to whether a testamentary nominee is competent to serve must be determined under § 102, which relates to the appointment and competency of an executor, and NOT under § 231 *et seq.,* which state the grounds for the removal of an executor. In view of this authority, we reject Appellant's contention that the trial court erred in applying § 102 in this initial proceeding for the appointment of a testamentary nominee.

¶ 9 For her second assignment of error, Appellant contends the district court should have sustained her objection to Appellee's appointment as PR because: (1) Appellee's disinterest and laxity while administrating the trust and guardianship estates raised serious questions about his ability to discharge his fiduciary duties; and, (2) her evidence showed a sufficient conflict of interest between Appellee and Appellant thereby disqualifying him from serving as PR of his parents' estates. After reviewing the record, we find Appellant's contention has merit.

 ¶ 10 Probate is an equitable proceeding and the district court's judgment may not be disturbed unless it is found to be clearly contrary to the weight of evidence or to some governing principle of law. *In re Estate of Maheras,* 1995 OK 40, ¶ 7, 897 P.2d 268, 271–72. Under Oklahoma law, the testator's expressed intent is of paramount importance, thus there is a strong presumption in favor of the competency of the testamentary nominee. *See Constant v. Biggers,* 1976 OK 77, 550 P.2d 1337, and *Matter of Estate of Ringwald,* 1991 OK CIV APP 110, 830 P.2d 1377. In fact, 58 O.S.2001 § 101 mandates the issuance of letters to the nominee identified in the decedent's will if the court finds that person is competent to serve, unless objections are filed under 58 O.S.2001 § 104. The party objecting to the appointment has the burden of overcoming the presumption of the testamentary nominee's competency. *Estate of Ringwald* at ¶ 12, 830 P.2d at 1379.

 ¶ 11 Here, the weight of the evidence demonstrated that Appellee improperly delegated his administrative duties to his wife by wrongfully entrusting check writing privileges to her; he was uninformed about the Trust's assets; he permitted his wife to pay her sister-in-law a large sum of money to be Mary Nichols' companion; he failed to timely file guardianship reports; and he failed to timely pay the obligation that he personally owed to the Trust.

¶ 12 We note from the record, the district court seriously considered this evidence and expressed its concern about Appellee's obligation to the Trust and his delegation of trust administration duties to his wife. Notwithstanding such concerns, the district court appointed Appellee as PR holding that Appellant failed to sustain her burden of showing one of the disqualifying grounds set forth in § 102. This was error.

¶ 13 Pursuant to § 102, the objecting party must show the nominee's "want of integrity." "Integrity" has been defined as "soundness of moral character, as shown by one's dealing with others in the making and performance of contracts, in fidelity and honesty in the discharge of trusts." *Hadwiger v. Melkus,* 1959 OK 66, ¶ 7, 338 P.2d 1098, 1100, *citing In re Bauquier's Estate,* 88 Cal. 302, 26 P. 178 (Cal.1891). We find Appellant's evidence overcame the presumption of Appellee's competency to serve as PR because it clearly demonstrated Appellee's lack of integrity as that term is defined under § 102. We there-

fore hold the district court erred when it overruled Appellee's objection and hereby reverse the district court's order appointing Appellee as PR of the Decedents' estates.

¶14 Because we reverse the district court's order appointing Appellee as PR of the estates, we find it unnecessary to address Appellant's final assignment of error which contends the district court erred in denying her the opportunity to present rebuttal evidence and closing arguments.

¶15 REVERSED.

HANSEN, P.J., dissents, and BUETTNER, J., concurs.