2010 OK CIV APP 114

**In the Matter of the ESTATE OF Lola Ladene WEBB, Deceased.**

**Charles L. Watkins, Linda K. Watkins, and Laurie Ladene Coleman, Petitioners/Appellees/Cross–Appellants,**

v.

**Robin Jeanne Webb, Personal Representative of the Estate of Lola Ladene Webb, Respondent/Appellant/Cross–Appellee.**

**No. 106,790.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 24, 2010.

**600**

Bruce A. Spence, Tulsa, Oklahoma, OK, for Appellant.

KENNETH L. BUETTNER, Presiding Judge.

¶ 1 Appellant Robin Jeanne Webb, Personal Representative of the Estate of Lola Ladene Webb, appeals from the trial court's order denying her request for attorney fees. The trial court found that Appellee Charles L. Watkins's Petition for Letters of Administration was not "totally without merit or frivolous" and therefore declined to award attorney fees to Appellant. This appeal proceeds on Appellant's brief only. Appellant's brief is reasonably supportive of her claim that the trial court erred in finding Appellee's Petition was not totally without merit and frivolous. As a result, Appellant was entitled to an award of attorney fees under 12 O.S.2001 § 2011. We reverse and remand for determination of the amount of attorney fees to be awarded Appellant. Appellee and two heirs filed a cross-appeal from the final distribution order. The Oklahoma Supreme

Court dismissed Appellee for lack of standing, and the other parties failed to file a brief in support of the cross-appeal. The claims made in the cross-appeal are therefore abandoned and we affirm the final distribution order.

¶ 2 Lola Ladene Webb (Decedent) died December 24, 2004. Appellee, a son-in-law of Decedent, *pro se*, filed a Petition for Letters of Administration, Appointment of Personal Representative, [and] Determination of Heirs on January 13, 2005.[1] Appellant, a daughter of Decedent, filed her Objection to Petition for Letters of Administration, Objection to Appointment of Personal Representative and Motion to Dismiss February 4, 2005.[2] Linda K. Watkins, the wife of Appellee and a daughter of Decedent, filed an Answer to Appellant's Petition March 7, 2005.[3] Another daughter, Laurie Ladene Coleman, filed a similar Answer the same day. Appellant filed responses asking the court to dismiss or strike Watkins's and Coleman's Answers.

¶ 3 Appellant filed her Petition to Admit Will to Probate, Appointment of Personal Representative, and for Determination of Identity of Heirs–at–Law, Devisees and Legatees April 1, 2005. Appellant sought to have Decedent's June 6, 2003 will admitted to probate and to have herself named personal representative. Appellee, Watkins, and Coleman filed an Objection to Appointment of Named Personal Representative April 21, 2005.[4]

1. Appellee asserted he had not found a will for Decedent. He alleged that he was a creditor of Decedent's estate and therefore entitled to letters of administration pursuant to 58 O.S.2001 § 122. Appellant filed a notice of claim against the estate the same day.

2. Appellant alleged Appellee made fraudulent statements in his Petition and failed to provide proof of a debt against Decedent's estate. Specifically, Appellant alleged that she and two other witnesses observed Appellee read Decedent's will December 27, 2004. Appellant attached Decedent's June 6, 2003 will and trust, as well as affidavits of herself and two others stating they observed Appellee read Decedent's will December 27, 2004. Appellant asked the court to dismiss Appellee's Petition, award Appellant attorney fees and costs, and find Appellee in contempt for making false statements in his Petition.

3. Watkins objected to Appellant being named Administrator and asked that Coleman be named Administrator. Watkins further contended that Decedent's will failed to make a proper distribution of Decedent's estate and that the court should therefore find that Decedent died intestate.

4. They claimed Appellant had a conflict of interest because she was the successor trustee of Decedent's trust and because she had named herself trustee of a newly created trust "in order to take possession of all assets of (Decedent's trust)." They also alleged Appellant had failed to cooperate in establishing the estate and had failed to timely file a petition for probate.

¶ 4 The record next shows Appellant sought a contempt citation against Appellee for refusing to appear for deposition. Appellant later filed a second motion to compel and application for contempt based on Appellee's failure to respond to discovery requests.

¶ 5 Appellant sought summary judgment against Appellee for filing a fraudulent lien and foreclosure of such lien through probate proceedings.[5] Appellee asserted he filed a notice of claim, not a lien, but he conceded that he had been paid $600 of the amount of his claim. Appellee contended Decedent's estate still owed him the $219 balance of his claim.[6]

¶ 6 Appellant filed a motion for status conference April 11, 2006. The trial court issued an order April 18, 2006 in which it "decline(d) to reconsider prior motions for summary judgment or to have further status conferences herein until receipt of said suggested pretrial order." Appellant filed another motion for status conference August 6, 2007.

¶ 7 A hearing was held February 6, 2008, at which Appellant appeared with counsel, and counsel for Appellee appeared, but Appellee, Watkins, and Coleman failed to appear. The trial court filed the Order Admitting Will to Probate, Appointment of Personal Representative and Determining Heirs, Devisees and Legatees February 26, 2008.[7]

¶ 8 Appellant filed her Application for Attorney Fees March 27, 2008. Appellant asserted she was entitled to an award of fees

from Appellee under 58 O.S.2001 § 66 and 12 O.S.2001 § 928. Appellant sought $36,285 in fees and $679.36 in costs; she attached billing records in support of her request.

¶ 9 Appellee responded that fees were not proper under § 66, based on his assertion that section applies only to will contests made after probate. Appellee denied he contested the validity of the will and asserted the proceedings in this case were necessary "for the court to frame the issues. . . ."

¶ 10 In her reply, Appellant alleged that after Appellee read Decedent's will, he frivolously filed a pleading to administer the estate claiming Decedent died intestate. Appellant next noted that in response to the application for attorney fees, Appellee, Watkins, and Coleman contended they did not dispute the validity of Decedent's will and Appellant quoted the portion of Watkins's and Coleman's Answers in which they averred the will and trust were invalid. Appellant further asserted that Appellee filed his Petition and his notice of claim against the estate for the improper and frivolous purposes of causing unnecessary delay and increasing costs, and that Appellee stated his intent to do this in front of witnesses at the time he received a copy of Decedent's will. Appellant asserted that Appellee's claims were not warranted by existing law and were frivolous arguments without legal support. Appellant argued that Appellee made false statements and contested the will for three years before conceding the will's validity be-

---

5. To her motion, Appellant attached the notice of claim of $819, which Appellee had filed against Decedent's estate in January 2005; the transcript of Appellee's deposition testimony that he loaned $600 to Decedent to pay for labor used to prepare Decedent's house for sale and that he was to be paid back after Decedent's house sold; the warranty deed showing Decedent sold her home December 6, 2000; and a $600 canceled check from Decedent to Appellee dated December 14, 2000.

6. The record includes an order in which the trial court found there was no dispute of fact that Appellee claimed he had an oral agreement with Decedent to loan her money and Decedent paid the alleged loan by a check on December 14, 2000. (Attached as Exhibit 6 to Appellant's Objection to (Appellee's) Pretrial Order).

Appellee did not explain the basis for the claimed $219 debt remaining. Appellee further

responded that Decedent's will failed because it bequeathed all of Decedent's property to her trust, which in turn provided for all trust assets to be distributed, after Decedent's death, to Appellant's trust, which was not in existence at the time Decedent's will and trust were executed.

7. In it, the court found that Appellee, Watkins, and Coleman failed to appear and therefore waived their objections and claims. The court found that the will disposed of all of Decedent's estate and admitted it to probate. The court also appointed Appellant Personal Representative. The court found the heirs were Decedent's trust and her five children, that the will made Decedent's trust the sole devisee and legatee, and that Decedent intentionally made no provision for her children. The trial court denied Appellee's claims.

fore trial and failing to appear for trial. Appellant urged the trial court to exercise its equitable authority to award attorney fees for bad faith litigation conduct. Appellant supplemented her application with affidavits from two witnesses who stated that after Decedent's funeral, they witnessed Appellee read Decedent's will and heard him state his intent to be vexatious.[8]

¶ 11 Hearing on Appellant's application for fees was held June 20, 2008. The Journal Entry of Judgment was filed January 9, 2009, in which the trial court found no statutory authority for awarding fees. The court also declined to award fees under its equitable authority, stating "the court can not find that it was totally without merit or frivolous for [Appellee] to have sought letters and objected to [Appellant] being personal representative; however, it appears that [Appellee] abandoned that in regard to whether or not [Appellant] should be the personal representative. That's clear to the Court because with notice [Appellee] did not appear for that hearing." The court awarded costs but denied Appellant's request for fees.

¶ 12 Appellant appeals from the January 9, 2009 Journal Entry of Judgment denying attorney fees. Appellee has failed to file a response brief and this matter therefore proceeds on Appellant's brief only. In the case of an appeal proceeding on the appellant's brief only, this court is under no duty to search the record for a basis to affirm the judgment, and where the appellant's brief is "reasonably supportive of the allegations of error" this court will ordinarily grant the relief sought by the appellant. *Sneed v.*

*Sneed,* 1978 OK 138, 585 P.2d 1363. However, "(r)eversal is never automatic on appellee's failure to file answer brief.... [Where the] record presented does not support the error alleged in appellant's brief, the trial court's judgment cannot be disturbed. It is presumed correct until the contrary has been shown by the record." *Hamid v. Sew Original,* 1982 OK 46, 645 P.2d 496, 497 (citations omitted).

¶ 13 The trial court found no statutory basis for an award of attorney fees and denied Appellant's request for attorney fees as a sanction. Appellant does not challenge the finding that the probate statutes do not support an award of attorney fees in this case; her claims on appeal all relate to the denial of fees as a sanction for improper filing and litigation conduct. We review the trial court's decision on an application for sanctions for an abuse of discretion. *State ex rel. Tal v. City of Oklahoma City,* 2002 OK 97, ¶ 2, 61 P.3d 234. Proceedings for sanctions are equitable and accordingly, on appeal we will examine and weigh the proof in the record, but we must abide by the presumption that the trial court's decision is legally correct and cannot be disturbed unless contrary to the weight of the evidence or to a governing principle of law. *Id.* at ¶ 3.

¶ 14 Although Appellant's argument for sanctions relies on the trial court's inherent authority to sanction bad faith litigation conduct, her contention that Appellee made false statements in his Petition and notice of claim against the estate falls under 12 O.S.2001 § 2011.[9] Sanctions may not be

---

**8.** The affidavits of Johnnie Delbert Marshall and Karen Luanne Beasley both state that they were present at Decedent's apartment on December 27, 2004, after the funeral, when Appellee stated to Marshall "My wife [Watkins] is soft-spoken but I'm not. I'm here to protect her interests and you all are getting ready to find out what a horse's ass I can be." In their affidavits Marshall and Beasley further stated they saw Appellant hand Appellee a copy of Decedent's will, and saw Appellee read the will and comment on it.

**9.** That section, and the one following provide, in part:

§ 2011

\* \* \*

B. REPRESENTATIONS TO COURT. By presenting to the court, whether by signing,

filing, submitting, or later advocating, a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

1. It is not being presented for any improper or frivolous purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

2. The claims, defenses and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

3. The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary

imposed under § 2011 absent a factual determination that the sanctioned party acted improperly. *Matter of the Estate of Ringwald,* 1995 OK CIV APP 114, 905 P.2d 833. The Oklahoma Supreme Court has explained that under § 2011 "(t)he appropriateness of sanctions depends on the pre-filing conduct by counsel who signed the critical document. That conduct must be tested by a standard of objective reasonableness under the then-existing circumstances. Sanctions are appropriate only for (a) frivolous filing or for (b) filing made with an improper purpose in mind." *Hammonds v. Osteopathic Hosp. Founders Ass'n,* 1996 OK 100, 934 P.2d 319, 323. The court explained that a filing is frivolous if the signer could not form a reasonable belief that it was well-founded in fact. *Id.* at n. 16. The trial court's inherent authority to award attorney fees as a sanction for litigation misconduct is directed only at post-filing conduct. *Barnes v. Oklahoma Farm Bureau Mut. Ins. Co.,* 2004 OK 25, ¶¶ 13–16, 94 P.3d 25.

¶ 15 The weight of the evidence, as outlined above, supports Appellant's claim that Appellee acted improperly and in bad faith in filing his Petition and notice of claim, both containing false statements, which caused the litigation to continue three years. The weight of the evidence shows that Appellee knew of the existence of the will and knew that he had been paid by Decedent years earlier. Nevertheless, he filed a notice of claim against the estate and a petition, both including false statements. Because of Appellee's knowledge of the falsity of his statements in filed pleadings, we objectively find no other reason for Appellee's actions but to harass and cause delay. The weight of the evidence also shows Appellee announced his intent to harass three weeks before he made false statements in filings. Appellee's intent to be vexatious is further illustrated by his filing of a cross-appeal in which he had no standing and which was abandoned after filing. Appellee offered no explanation for his false statements in his Petition and notice of claim against the estate. The weight of the evidence shows that Appellee violated § 2011 and § 2011.1 as a matter of law, and those sections direct that, upon a violation, the court *shall* impose a sanction. Appellant's brief is reasonably supportive of her claim that the trial court abused its discretion in finding that Appellee's claims were not totally without merit and in refusing to sanction Appellee's conduct. Neither the Appellee nor the trial court have articulated any argument that Appellee's conduct had a reasonable, non-frivolous basis. We find the trial court abused its discretion in approving Appellee's conduct in this case. We therefore REVERSE the January 9, 2009 Journal Entry of Judgment and REMAND for determination of the proper award of attorney fees incurred at trial and on appeal.[10]

¶ 16 Appellee, Watkins, and Coleman filed a cross-appeal March 30, 2009, in which they

support after a reasonable opportunity for further investigation or discovery; and

4. The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

C. SANCTIONS. If, after notice and a reasonable opportunity to respond, the court determines that subsection B of this section has been violated, *the court shall,* subject to the conditions stated below, *impose an appropriate sanction* upon the attorneys, law firms, or parties that have violated subsection B of this section or are responsible for the violation. (Emphasis added.)

§ 2011.1

In any action not arising out of contract, if requested the court shall, upon ruling on a motion to dismiss an action or a motion for summary judgment or subsequent to adjudication on the merits, determine whether a claim or defense asserted in the action by a nonprevailing party was frivolous. As used in this section, "frivolous" means the claim or defense was knowingly asserted in bad faith or without any rational argument based in law or facts to support the position of the litigant or to change existing law. Upon so finding, *the court shall enter an order requiring such nonprevailing party to reimburse the prevailing party for reasonable costs, including attorney fees, incurred with respect to this title.* (Emphasis added.)

10. Appellant filed an Application for Appeal–Related Attorney Fees May 3, 2010. Appellee filed his Response September 17, 2010. Appeal-related attorney fees may be granted where there is statutory authority for such an award in the trial court. *Crutchfield v. Marine Power Engine Co.,* 2009 OK 27, ¶ 32, 209 P.3d 295. For the reasons outlined above, we find Appellant is entitled to an award of appeal-related fees. On remand, the trial court is directed to determine the amount of attorney fees incurred on appeal and to enter an award therefor.

sought to appeal the trial court's February 25, 2009 Final Order Allowing Final Account; Determining Heirship; Final Decree of Distribution and Discharge. Appellant filed a motion to dismiss the cross-appeal and to dismiss Appellee as a party appellant based on lack of standing. The Oklahoma Supreme Court issued its Order May 26, 2009, in which it denied Appellant's motion to dismiss the cross-appeal, but granted Appellant's motion to dismiss Appellee as a party appellant in the cross-appeal. The Order noted that Appellee is a non-heir stranger to the appeal and therefore could not challenge the final accounting or decree of distribution. The Order directed that Appellee remained a party to Appellant's appeal of the attorney fee decision. Watkins and Coleman failed to file a brief in support of the cross-appeal. The claims made in the cross-appeal are deemed abandoned and we therefore AFFIRM the February 25, 2009 Final Order.

HANSEN, J., concurs in result, and HETHERINGTON, J., concurs.